THE MISSOURI PACIFIC RAILWAY COMPANY V. LAVINA SHUMAKER.

1. BULL, *When not Running at Large.* When the owner of a farm, by an arrangement with the occupant of an adjoining farm, allows his stock, with which is a bull more than a year old, to run across the line on the latter farm, to graze, and both farms are otherwise inclosed, such bull is not running at large within the meaning of ¶ 6725, Gen. Stat. of 1889.

2. WITNESS— *Answer, not Responsive.* Where the answer of a witness is not responsive to the question put to him, an objection to the question is not available on error. There must be a motion to strike out the answer.

3. ——— *Qualified as an Expert.* The record examined, and *held,* that the witness Magruder had shown himself qualified as an expert to testify to the value of the bull in suit.

### *Error from Miami District Court.*

THE facts are substantially stated in the opinion.

*W. A. Johnson,* for plaintiff in error.

*Jno. C. Sheridan,* for defendant in error.

Opinion by STRANG, C.: Action for damages under the stock law of 1874. December 14, 1887, Lavina Shumaker was the owner of a farm, upon which she resided, in Miami county, Kansas. At that time the Missouri Pacific Railway Company operated a line of railroad through said county, and through and across the said farm of Lavina Shumaker. She alleges that the right-of-way of said railroad through her farm was not sufficiently fenced; and that, in the operation of its train of cars upon said railway across her farm, the defendant below, on said 14th day of December, 1887, killed two cows and injured a bull, the property of her, the said Lavina Shumaker, whereby she suffered loss and was damaged in the sum of $155. Demand was made upon the company for the

49—46 KAS.

amount of damage so sustained, which was refused, and suit therefor was commenced July 5, 1888, before a justice, who rendered judgment for the plaintiff. Defendant appealed, and the case was tried in the district court of Miami county, before the court and a jury, at the October term, 1888, resulting in a verdict for the plaintiff below, in the sum of $120 as damages, and $35 as a reasonable attorney's fee. A motion for a new trial was overruled, and the company brings the case up for review.

The first contention of the counsel for the plaintiff in error is, that the court erred in permitting the witness W. W. Magruder to give his opinion of the value of the bull alleged to have been injured. It is insisted that the witness had not shown himself competent to answer the question put to him. The question was as follows:

"You may state what the value of a Hereford bull three years and a half old, of average size, was in the community in which she lived last December. A. I should think that bull ought to have brought $60 for breeding purposes, for which I bought him and for which I sold him."

Perhaps a sufficient answer to the objection interposed to this evidence is, that no motion was made to strike out the answer to the question objected to. It will readily be seen that the answer is not responsive to the question, and hence, though the question may be objectionable, it requires a motion to strike out to get rid of the answer, and a refusal by the court, on which to base an objection. The question was general and hypothetical, while the answer relates specifically to the bull in suit, and puts a value on him for a particular purpose, or use, not mentioned in the question. But a review of the examination of the witness Magruder, we think, shows him qualified to testify as an expert, on the question of the value of the bull in suit. He testified that he was a farmer, had been engaged in raising, buying and selling cattle since 1848, during which time he had handled blooded and other stock; that he lived but 15 or 16 miles from Mrs. Shumaker;

that he knew what price cattle were selling for from time to time in Miami county; that he thought he knew the price of cattle in the neighborhood of Mrs. Shumaker at the time her cattle were injured; that he judged from the price he and others around him were selling cattle for at that time; that he had bought the bull in question and sold him to Mrs. Shumaker. We think this evidence discloses such an acquaintance on the part of Magruder with the cattle business in Miami county, and in the general neighborhood of the locality where the injury occurred, as to qualify him to testify as an expert upon the question of the value of cattle there at that time, and if so, then neither the question objected to, nor the answer thereto, was objectionable, for any reason given. The answer, then, was objectionable only because it was not responsive to the question, and as there was no motion to strike it out, the plaintiff in error cannot be heard to complain on that account.

In the second assignment, it is contended that the cattle of Mrs. Shumaker were running at large when injured, and that, therefore, no recovery can be had so far as any injury to the bull is concerned, because he was permitted to be and run at large in violation of the statutory law of the state; that by permitting her bull to run at large Mrs. Shumaker was guilty of such negligence as defeats any right of recovery on her part, so far as any injury to the bull is concerned. The question, under this assignment of error, then is, was the bull running at large, within the meaning of our statute, at the time of his injury by the company's train? Paragraph 6725 of the General Statutes of 1889, so far as it relates to this question, reads as follows:

"If any bull over one year old . . . be permitted to run at large, the owner of the same shall be guilty of a misdemeanor, and on conviction thereof shall be fined for the first offense $5, and for every subsequent offense shall be fined $10."

If the bull was running on the inclosed premises of Mrs. Shumaker, he would not be running at large within the mean-

ing of the above paragraph, though the right-of-way of the railway company through her farm was not fenced. (*Gooding v. A. T. & S. F. Rld. Co.*, 32 Kas. 150.)   Within the meaning of the above case, we assume that the bull would not be running at large under ¶ 6725 above quoted, though, by an arrangement between Mrs. Shumaker and the occupant of the Stevens farm, he was permitted to pass from her farm upon the Stevens farm for grazing purposes, provided the latter was inclosed.   The evidence shows that these farms lie adjacent to each other, and each farm was inclosed with a sufficient fence on all sides except on the south side; that the Shumaker farm is fenced part of the way on the south side, and the stream known as " Wea creek " incloses this farm the remainder of the way on that side; and this stream also abuts the whole south side of the Stevens farm, thus completing the inclosure of that farm.   The evidence, in this connection, shows that the stream itself, being wide and deep, and its banks high and abrupt, is of such a character that the cattle do not cross it, except occasionally when the stream and the ground constituting the approaches thereto, where the banks are not too high and abrupt to admit of passage, are frozen solid enough to bear their weight; that they cannot cross at all when not frozen over without swimming, the banks, where low, being miry and difficult of passage.

From a summary of the evidence on this question, we think it may be said that, with the fences and Wea creek surrounding the Shumaker and Stevens farms, they were enclosures within the meaning of *Gooding v. A. T. & S. F. Rld. Co.*, above cited.   There is nothing in the statute that requires a bull over one year of age to be confined, nor is there anything prescribing the character of restraint to be thrown around such an animal.   The statute simply prescribes that such an animal shall not be permitted to run at large.   Any fence, barrier or obstruction surrounding a field or tract of land in which such animal is permitted to run, that is sufficient to restrain him, we think is sufficient to constitute the field an

enclosure. For instance, if a ditch should surround a field on all sides sufficient to restrain stock, we would think the field an enclosure, and that an animal therein would not be at large, under the statute. The evidence in this case shows that the stream on the south side of the Stevens farm, and partly on the south side of the Shumaker farm, was sufficient to restrain stock, and that such farms were therefore enclosures, and the bull in suit was not running at large when injured. (See also ¶ 3063, General Statutes of 1889.)

This conclusion disposes of the question relating to instructions; and as there is no question but that the evidence supports the verdict and judgment upon the general features of the case, it is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.