FRED WAIDLEY V. STATE OF NEBRASKA.

[FILED MARCH 16, 1892.]

1. **Grand Larceny:** FELONIOUS INTENT ESSENTIAL. *Held,* That the seventh instruction given by the court on its own motion is defective, in that it omits the element of felonious intent. To justify a conviction in a prosecution for grand larceny, the taking of the goods must have been with felonious intent.

2. **Instructions.** It is not error for the court to refuse to give an instruction where the same, in substance, has already been given.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*L. W. Colby,* and *L. M. Pemberton,* for plaintiff in error, cited: *Mead v. State,* 25 Neb., 447; *Thompson v. People,* 4 Id., 524; *Scudder v. State,* 62 Ind., 13; *Heldt v. State,* 20 Id., 499; *Walbridge v. State,* 13 Id., 239.

*George H. Hastings, Attorney General, contra,* cited: *O'Hara v. Wells,* 14 Neb., 411; *C., K. & N. R. Co. v. Wiebe* 25 Id., 547; *Converse v. Meyer,* 14 Id., 192.

Norval, J.

An information was filed in the district court of Saline county, charging the plaintiff in error and one Arthur G.. Linter with having stolen thirty-seven bushels of wheat, of the value of $43.25. On motion of defendant Waidley he was granted a separate trial, which resulted in a verdict of guilty. Thereupon a motion for a new trial was filed, which was overruled, and the plaintiff in error sentenced to one year in the penitentiary.

Objection is made to the third paragraph of the instructions given by the court on its own motion, which states the rule as to the weight that should be given to verbal admissions of the accused. The only criticism made in the brief of his counsel is that the instruction was not justified by the evidence. The objection is without merit. While it was not proven that the defendant stated that he committed the offense for which he was tried and convicted, yet the state introduced testimony tending to show that the plaintiff in error admitted certain facts to witnesses called by the county attorney, from which, in connection with other evidence, the inference of guilt might be drawn. We are satisfied, after a careful reading of the record, that there was sufficient testimony before the jury upon which to base the instruction of which complaint is made.

Error is assigned for the giving of the seventh instruction, which reads as follows: "If you shall find from the evidence, to that degree of certainty as required by these instructions, that on or about the 19th day of January, 1891, the defendant himself, or in conjunction with his co-defendant Linter, did, in Saline county, Nebraska, steal and carry away wheat, the property of W. Wilkins, which was of some value, then you should find defendant guilty; and if you so find, it will then be your duty, from the evidence and beyond a reasonable doubt, to find the value of such property and state same in your verdict."

This instruction is erroneous and should not have been given. It omits to state that the wheat must have been taken by the defendant with a felonious intent in order to justify a conviction. This defect is not cured by any other paragraph of the court's charge. By the first instruction the jury were told that the defendant was charged with having committed the crime of grand larceny, yet in no instruction is the offense defined. An instruction substantially the same as No. 3 was given in *Mead v. State,* 25 Neb., 444, which was held defective. The court in the opinion in that case say: "It is true the words 'took, stole, and carried away' occur in the instruction, but there is nothing in the instruction which told the jury that the taking must be with felonious intent."

Of the instructions requested by the plaintiff in error which were refused, and of which complaint is now made, it is sufficient to say that they were fully covered by the charge of the court. Those refused were no more favorable to the accused than those which had already been given to the jury. Therefore there was no error in refusing the requests. (*Olive v. State,* 11 Neb., 30; *Binfield v. State,* 15 Id., 484; *Comstock v. State,* 14 Id., 205; *Bradshaw v. State,* 17 Id., 147.)

For the error pointed out, the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.