## German National Bank of Hastings v. Frank W. Leonard.

### Filed May 15, 1894. No. 5589.

1. **Evidence:** Statements in Other Suit: Estoppel. The testimony of a witness in an action to which he was not a party may be proved in a subsequent action to which he is a party as an admission, but the fact of his having been a witness in such other action does not operate to estop him by the record thereof.

2. **Judgments:** Settlement: Deceit: Rights of Third Persons: Pleading. Suit was brought by A against a bank, alleging that B, being indebted to A, had paid into the bank the amount of the indebtedness to the use of A. The bank answered, among other things alleging that in an action by a third person against the bank, B, and others it was determined that the amount due A had been included in a mortgage from B to the bank, and that the judgment rendered in that case against B in favor of the bank did not include A's indebtedness. *Held*, That these averments stated no defense.

3. **Fraudulent Conveyances:** Third Persons: Ratification. Where a conveyance is fraudulent against creditors, and certain creditors attack it and defeat it upon that ground, another creditor is not by that fact required to treat it as void, but may still ratify it and enforce rights given him thereunder.

4. **Instructions:** Failure to Give: Review. Before error can be predicated upon the failure of the court to present a particular feature of a case to the jury, the party complaining should, by an appropriate instruction, request the court to charge upon that feature.

5. **Documentary Evidence:** Admissions. Book entries, made by a party in the regular course of his business, are admissible in evidence on behalf of the adverse party when in the nature of admissions.

6. **Witnesses:** Leading Questions. The permission of leading questions is reversible error only for an abuse of discretion of the trial court in permitting them.

7. ——: Answers: Review. In order to predicate error upon the admission of an answer not responsive to the question put a witness a motion should be made to strike out the answer for that reason.

8. **Evidence**: TESTIMONY IN OTHER CASE: REPORTER'S NOTES. The testimony of a witness in another case may be proved by any witness who heard the testimony, and who, with or without the aid of a memorandum, may speak from his own memory as to such testimony. The reporter's notes are not the only or best evidence as to such testimony.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

See opinion for statement of the case.

*Batty, Casto & Dungan,* for plaintiff in error:

A compromise effected by the parties with all the facts before them, and without fraud or bad faith on the part of either, will not be disturbed. (*Thompson v. Sawyer,* 14 S. W. Rep. [Ky.], 909; *Gilek v. Stock,* 33 Ill. App., 147; *Mills v. Miller,* 2 Neb., 313.)

In order to rescind the settlement on the ground of fraud Leonard must surrender the benefits derived under it. The fact he has failed to do so is a recognition of the settlement, and he is bound by it. (*Hart v. Gould,* 62 Mich., 262; *Snailham v. Isherwood,* 23 N. E. Rep. [Mass.], 1135; *Town's Adm'r v. Waldo,* 20 Atl. Rep. [Vt.], 325.)

Where the consideration for a promise proves to be a nullity, the promise has no legal force or effect. (*Swan v. Ewing,* Morris [Ia.], 453; 1 Addison, Contracts, sec. 6; 1 Parsons, Contracts, p. 462, and cases cited.)

A promise to pay the debt of another is not binding unless supported by a valuable consideration. (*Strough v. Brown,* 38 Hun [N. Y.], 307; *Chapman v. City of Brooklyn,* 40 N. Y., 372; *Foss v. Richardson,* 15 Gray [Mass.], 303; *Darst v. Brockway,* 11 O., 462; *Spring v. Coffin,* 10 Mass., 31; *Steel v. Hobbs,* 16 Ill., 59; *Leach v. Tilton,* 40 N. H., 473; *Rice v. Peet,* 15 Johns. [N. Y.], 503; *French v. Millard,* 2 O. St., 44.)

*Capps & Stevens* and *W. P. McCreary, contra;* contend-

ing that the defendant in error was not bound by the judgment, cited: *Calderwood v. Brooks*, 28 Cal., 151; *Thompson v. Clark*, 4 Hun [N. Y.], 164; 2 Black, Judgments, sec. 549; *Foster v. Derby*, 1 Ad. & El. [Eng.], 783; *Wilson v. Davol*, 5 Bos. [N. Y.], 619; *Hunt v. Haven*, 52 N. H., 162.

The jury found that a material fact was concealed from Leonard by the plaintiff in error. Leonard was not, therefore, bound by the compromise. (*Faulkner v. Klamp*, 16 Neb., 174; *Treitschke v. Western Grain Co.*, 10 Neb., 360.)

IRVINE, C.

A proper consideration of some of the errors in this case demands a statement of the pleadings. The defendant in error, Leonard, brought the action against the plaintiff in error (hereinafter referred to as the "bank"), alleging in his petition that on the 12th day of December, 1889, one George A. Stewart, being then indebted to the plaintiff, paid into the bank to his use $764.60; that on July 1, 1890, the bank paid plaintiff $450, and that there remained due the sum of $314.60, with interest. He further averred that at the time the $450 was paid, the bank represented to plaintiff that plaintiff's claim against Stewart was dependent upon a certain chattel mortgage given by Stewart to the bank, and that the uncertainty of the bank's being able to sustain the mortgage made plaintiff's claim uncertain, concealing the fact that Stewart had deposited in the bank the full amount of plaintiff's claim; that plaintiff relied upon the representations made, and not knowing that his claim had been paid to the bank in full, he was induced to accept $450 in settlement, but that the settlement was fraudulent by reason of the representations and concealment referred to. A motion was subsequently made to require the plaintiff to make his petition more specific by stating what officers of the bank made the representations. This motion was overruled and that action of the district court is assigned as error. This assignment may here be

conveniently disposed of. The motion was not made until December 14, 1891. An answer had been filed December 15, 1890, and an amended answer December 11, 1891. The motion came too late, and was properly overruled for that reason if for no other. Such a motion should be made before answer. The amended answer referred to averred that in an action wherein W. J. Stewart was plaintiff and George A. Stewart, the German National Bank, and others were defendants it was found that the bank held notes against George A. Stewart, secured by mortgages, amounting to $4,969.44; that the mortgage given by Stewart to the bank "was given in addition to the alleged indebtedness to the bank to secure the claim of one Frank W. Leonard for $764.60, and one Sanford Idell for the sum of $95, then creditors of the said George A Stewart;" that in that suit there was found due to the bank $4,377; that the amount so found due was the amount of the bank's mortgage with the claims of Leonard and Idell deducted; that this action is based upon the same claim which was deducted from the bank's judgment against Stewart; that that action is now pending in the supreme court. The bank further averred that Leonard and the bank made a compromise of Leonard's claim, whereby Leonard agreed to take, and did take, $450 in full and complete settlement. As a further defense it was averred that Leonard was a witness in the case of Stewart v. Stewart, and testified therein, among other things, that the claim he had against Stewart was a part of the amount secured by the bank's mortgage, and the bank therefore alleged that Leonard was a privy to such case and bound by the judgment The answer closed with a general denial. There was a trial to a jury and a verdict and judgment for the plaintiff, from which the bank prosecutes error.

While the case is not free from difficulties, the questions presented by the record rest upon familiar principles. The chief difficulty arises in making such an analysis as to

clearly develop the principles involved. In order to do so
we shall first examine the assignments of error relating
to the instructions.

The first instruction requested by the bank was refused.
It was as follows: "The court instructs the jury, that if
they find from the evidence that the question of the rights
under, and validity and *bona fides* of the mortgage given
by George A. Stewart to the German National Bank, de-
fendant herein, was adjudicated in the case of W. J. Stew-
art v. George A. Stewart and others, as between this de-
fendant and the creditors of said George A. Stewart and
that the claim of said plaintiff was included in said mort-
gage and was part of the indebtedness secured thereby,
and you further find that said mortgage was declared by
this court to be fraudulent and void as against the creditors
of said George A. Stewart, and you further find that the
plaintiff in this action claimed to be and was at that time a
creditor of said George A. Stewart for the same claim sued
on in this action and testified as a witness in said action of
W. J. Stewart v. George A. Stewart and others, then you
must find for the defendant." This instruction was evi-
dently framed upon the theory that Leonard, by testifying
in the case of Stewart v. Stewart and others, became bound
by the judgment in that case. There are several objections
to this instruction. In the first place Leonard was not a
party to Stewart v. Stewart, nor did he stand in privity
with any of the parties thereto. The testimony which he
gave in that case could properly be used, as it was in fact
used, for the purpose of contradicting his evidence here
and for the purpose of showing admissions by him made.
Beyond that his testimony in that case, or the fact that he
testified at all, was wholly irrelevant. The proposition that
a person by becoming a witness in a case does not become
a party to it and is not estopped by the judgment rendered
is axiomatic. In the next place, all that was pleaded in re-
gard to the former case was that the amount of Stewart's in-

debtedness to Leonard was included in the bank's mortgage; that Leonard had so testified, and that the judgment there rendered in favor of the bank did not include that amount. This was insufficient to state any defense. The deposit with the bank of the amount of Stewart's claim was not by the answer connected with any of these averments, and for all that appeared upon the pleadings the bank may have absolutely assumed Leonard's claim and depended upon the mortgage merely for indemnity. Indeed, the decree in Stewart v. Stewart introduced in evidence shows that that is what the court there found. The failure of that indemnity would not operate to defeat the plaintiff's claim. In the next place, that portion of the instruction which stated that if the mortgage had been declared void as against the creditors of Stewart, and plaintiff was a creditor, he could not recover was palpably vicious. While the statute uses the word "void" the uniform construction has been that such a conveyance is good as between the parties and is void only as to such creditors as attack it. If the instrument was a fraud against creditors, Leonard might have disregarded it, but he also had the right at his election to treat it as valid and assert any claim he might have under it. He has taken this course, and the fact that other creditors exercised their election differently does not affect his right. The court, therefore, properly refused this instruction.

The second instruction asked by the bank was also refused and reads as follows: "The court instructs the jury that if you find from the evidence that the claim of plaintiff as against defendant herein is based upon the promise of the defendant made to George A. Stewart, to the effect that the defendant would assume and agree to pay plaintiff's claim against said George A. Stewart if the amount thereof were included in a mortgage given by said George A. Stewart to defendant and was so included, and that said security was all the consideration defendant received for said prom-

ise, and you further find that the rights under, and the validity of said mortgage was adjudicated in the action of W. J. Stewart v. George A. Stewart and others, and was declared by this court to be fraudulent and void as between the defendant and the creditors of said George A. Stewart, then you are instructed that there was no valid consideration for the said promise of defendant to pay plaintiff, and you must find for the defendant." What has already been said as to the answer is applicable for the purpose of showing that this instruction was not pertinent to the issues. The theory sought to be presented by the instruction was this: That if A gives to B a mortgage, and in consideration of the giving of that mortgage and for such consideration alone B promises to pay the debt of A to C and the mortgage afterwards fail, then in such case C cannot enforce against B such promise. Whether this is correct as a proposition of law or not we do not decide, for the reason that the answer was insufficient to present such issues.

Instruction No. 3, requested by the defendant, was to the effect that although the jury might find that the bank promised Stewart to pay plaintiff's claim, still, if it found that subsequently plaintiff and the bank compromised the claim and agreed upon a different amount to be paid in full settlement, and further that the bank had paid that amount, then the verdict should be for the bank. This instruction was modified by adding: "if you find such settlement was *bona fide* on the part of the defendant." The modification of this instruction is assigned as error. The modification we think quite proper. The pleadings had squarely attacked the compromise as fraudulent, and the *bona fides* of the settlement, and not the fact that one had been reached, was the very question in issue. If the instruction stood quite alone, it might be open to criticism, as implying that the burden of proof of *bona fides* was on the bank; but by the modification of the instruction given at the request of the plaintiff, as well as by an instruction given by the court

of its own motion, the jury was told in the most emphatic terms that the presumption was in favor of *bona fides* and that it devolved upon the plaintiff by a clear preponderance of evidence to establish the fraud.   In discussing the instructions the argument is made that the plaintiff could not avoid the settlement without returning the money already received.   There is very respectable authority for holding that where in such a case a sum of money has been received in satisfaction of a greater sum, when the settlement is attacked, the money received shall be simply applied as a payment *pro tanto* and it is not necessary to tender it back.   A case illustrative of this doctrine is *Town v. Waldo*, 62 Vt., 118, where a certain sum of money and also a heifer had been given in settlement.   It was held necessary to return the heifer, but not the money.   However, we do not decide this question, for the reason that no instruction was either given or requested upon the subject. This was an action at law and no equitable relief was sought. If the bank desired to raise this defense, it should have requested an instruction to the jury.

Mr. Fuller, the cashier of the bank, was called as a witness by the plaintiff.   Books were produced which he testified were kept in the course of the bank's business, were books of original entry, the entries made about the time of the transaction ; that they were made by an employe of the bank whose duty it was to make them; that the witness had general supervision over the entries; that he had examined the entries; that he believed them correct.   An entry showing a credit to Leonard of $764.60 on December 12, 1889, was thereupon offered in evidence and received over plaintiff's objection.   All the preliminary evidence we have referred to was also objected to.   The following then occurred: "Please read what was offered from that book to the jury."   There was no objection made to this, and the witness then read the entry.   The assignment of error upon this point is as follows: "The court erred in

admitting the following evidence: * * * The testimony of witness Fuller in relation to the books of the bank, as appears on pages 9 and 10 of the bill of exceptions." We have no doubt that the entry was admissible upon the proof made. It was not a matter of proving accounts under the statute, but the entry made upon books of the bank by the proper employe, under the supervision of the cashier, was competent evidence as an admission by the bank. It was not competent after the offer to permit the witness to read what purported to be the entry. The entry itself should have been offered in evidence, read by counsel, or exhibited to the jury. But this proceeding was not objected to.

One assignment relates to a question put to the plaintiff. The question is objected to as leading and the answer as not responsive. This evidence was as follows: "State whether or not you ever learned that the money had been deposited to your credit in the German National Bank." Answer: "Well, after the suit between Stewart and Stewart." The permission of leading questions is reversible error only where the trial court has abused its discretion in that respect. We cannot see any impropriety in this question, or that prejudice could have possibly resulted. As to the answer, it was fairly responsive to the question, but no motion was made to strike it out, and error could not be predicated upon it as irresponsive for that reason.

Error is also assigned for permitting a witness to testify as to statements made by the president of the bank during his testimony in the case of Stewart v. Stewart. The objection made is that it was not the best evidence. This objection is not well taken. It was made upon the theory that the reporter's notes constitute better evidence. Counsel have mistaken the effect of these notes. In *Spielman v. Flynn*, 19 Neb., 342, it was indeed held that a certified copy of the reporter's notes was admissible where the original would be, but this case did not hold that parol

evidence was inadmissible to prove the fact of the testimony. But at the same term it was held (*Lipscomb v. Lyon*, 19 Neb., 511) that the reporter might testify as to the fact of the testimony, using his notes as memoranda, but that a transcript of the notes themselves would not be admissible as original evidence. We are quite clear that any witness who was present and heard the testimony, and with or without the aid of a proper memorandum is able to speak from his own memory, may prove the fact of the testimony and that the reporter's notes are not such a record as to constitute the only or primary evidence of such fact.

The sufficiency of the evidence is questioned. There is ample competent evidence tending to show that Stewart gave his note to the bank for the amount of Leonard's claim; that the bank agreed with him to satisfy it; that it credited Leonard upon its books with the full amount, These were the essential features of plaintiff's case in chief. The only affirmative defense sufficiently pleaded is the compromise. Upon this there is evidence tending to show that Leonard did not know of the bank's absolute promise, or of the fact of the credit; that officers of the bank represented to him that his recovery would depend upon sustaining the mortgage and the amount realized therefrom, and that he accepted the $450, relying upon these representations, and in ignorance of the bank's absolute agreement to pay and assumption of the debt. Here was a material concealment, if not a misrepresentation. We think it was sufficient to sustain the verdict. With the conflicting evidence we have nothing to do, nor can we consider, as against Leonard's rights, the unfortunate position which the bank claims to be in, of losing its own security and at the same time being compelled to pay Leonard's claim. The two cases resulting in this state of affairs were between different parties. The facts in one or another may have been incorrectly decided, but we must take each case as it

is presented and cannot deny to this plaintiff the rights to which the facts found by the jury entitle him, because in another case between different parties a conclusion was reached which may perhaps have been inconsistent with the conclusion reached here.

JUDGMENT AFFIRMED.

RAGAN, C., not sitting.