THE STATE *ex rel.* FRIEDMAN *et al., Appellants,* v. PURCELL *et al.*

### Division One, November 26, 1895.

1. **Fraudulent Conveyance:** KNOWLEDGE OF PURCHASER. Facts and circumstances which would naturally put a person of ordinary caution on such inquiry before purchasing property as would reasonably lead to knowledge that the vendor was attempting to dispose of it in fraud of his creditors, are evidence from which that knowledge may be inferred.

2. ————: ————: INSOLVENT DEBTOR. A debtor, in failing circumstances, may dispose of his property in good faith, in order to obtain means to meet his obligations, though such sale may, in fact, hinder and delay his creditors.

3. ————: ————: ————. Such sale must, however, be made with an honest purpose; though made for an adequate consideration, it may yet be fraudulent as to creditors.

4. **Practice:** EVIDENCE: IRRESPONSIVE ANSWER. An answer of a witness which is improper because irresponsive to the question asked, should be met by a motion to strike it out.

5. ————: FRAUDULENT SALE: FINDING OF COURT. A statement by the court, in one of its conclusions of fact, that the sum paid for a stock of merchandise, was "an inadequate consideration," is not equivalent to a finding that the sale was fraudulent.

6. ————: VERDICT: EVIDENCE. The findings of the court, in an action at law, if supported by substantial evidence, are as conclusive on appeal as the verdict of a jury would be under the same evidence.

*Appeal from Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*C. H. Montgomery* and *J. D. Snoddy* for appellants.

(1) At the time of the levy of the writ of attachment, the property in controversy was in the exclusive possession of plaintiffs. This being the case, such

seizure was *prima facie* wrongful, and no presumptions obtained in favor of the officer that he did his duty in making the levy. *State ex rel. v. Hope*, 88 Mo. 430; *State to use v. Fitzpatrick*, 64 Mo. 185. (2) The court erred in refusing instruction number 3, asked by, and on behalf of, appellants. It has always been the law in this state that a failing debtor could dispose of his property for an adequate consideration, to get money to pay his debts. In fact this is the general law. Bump on Fraud. Conv. [2 Ed.], ch. 8, pp. 203, 204, 194; *Dougherty v. Cooper*, 77 Mo. 531; *Murray v. Cason*, 15 Mo. 379; *State to use v. Laurie*, 1 Mo. App. 371. A creditor may even buy more property than to pay his own debt when it is understood that the purchase money is to be applied to payment of other debts. *Co. v. Rubelman*, 15 Mo. App. 280. (3) The court erred in refusing to give declaration of law number 1, asked by, and on behalf of, appellants. A purchaser is not required to investigate the financial standing of the seller. *State ex rel. v. Merritt*, 70 Mo. 284; *Van Raalte v. Harrington*, 101 Mo. 608. (4) The court erred in admitting evidence of the inventory made by the sheriff, of the goods in controversy, against the objection and exception of appellants, and in basing special finding number 11 upon such illegal evidence, and in finding from such illegal evidence that the consideration of the sale was inadequate. The plaintiff was not a party to the attachment suit, and, hence, the appraisement was not competent for the purpose of affecting his rights. *Lesser v. Boekhoff*, 33 Mo. App. 233. (5) The court erred in finding, as a matter of law, that the consideration paid by appellants for the Schwartz stock of goods was inadequate. If no contracts were valid, except such as appeared to be of equal value to each party, very few contracts would be made, and such as were made would be quite likely

to be invalid for inequality. 1 Wait's Actions and Defenses, p. 93, sec. 4. The courts will not weigh the value of the goods sold, and the price secured, in very nice scales, but all circumstances considered, there should be a reasonable and fair proportion between them. *Kuykendall v. McDonald,* 15 Mo. 416. Mere inadequacy of consideration, unless extremely gross, does not *per se* prove fraud. The disparity as to consideration must be so glaring as to satisfy the court that the conveyance was not made in good faith. Wait on Fraud. Conv. and Creditors' Bills [2 Ed.], ch. 1, sec. 6, p. 8. (6) Fraud is never presumed, but must be proved. It may be inferred from facts and circumstances, the burden resting upon the party asserting it to make it manifest. *Hardwicke v. Hamilton,* 121 Mo. 465. Fraud can not be inferred from the transfer of property merely because the maker of the deed was in debt. *Buckner v. Stine,* 48 Mo. 407. The proof must be clear and satisfactory. Bump on Fraud. Conv. [2 Ed.] pp. 585, 586. (7) A creditor, by reason of his absolute dominion over his property, may prefer any debt he sees fit. He may prefer his wife, his attorney, whether the debt be due or not. A corporation may prefer a director, no matter what the motive may be. Bump on Fraud. Conv. [2 Ed.], ch. 7, pp. 182–188.

*J. D. Perkins* and *Thomas & Hackney* for respondents.

(1) The trial court committed no error in refusing the declarations of law requested by relators on the trial. *Bailey v. Wilson,* 29 Mo. 21; *Suddarth v. Robertson,* 118 Mo. 293; *Nichols v. Carter,* 49 Mo. App. 401; *Griffith v. Construction Co.,* 46 Mo. App. 539. (2) The court committed no error in its declarations of law numbered 1, 2, and 3, designated in the printed

record, on page 86, as defendants' declarations of law. The principles therein declared have become elementary, and have uniformly received the sanction of this court. *Frederick v. Allgaier*, 88 Mo. 598; *State v. Merritt*, 70 Mo. 275; *Sexton v. Anderson*, 95 Mo. 373; *Shelly v. Boothe*, 73 Mo. 74; *Dougherty v. Cooper*, 77 Mo. 528; *Garesche v. MacDonald*, 103 Mo. 1.  (3) The court did not, as claimed by counsel for appellants in instruction number 3, announce the law to be that if the transaction was in fact fraudulent on the part of Simon Schwartz, and that sufficient knowledge was obtained by Friedman (one of the relators) to put him upon inquiry, the transaction would be fraudulent, but simply declared that if the transfer was made by Schwartz for the purpose of defrauding his creditors, and that Friedman had sufficient knowledge of such intent to put him on inquiry, then the court might infer that Friedman had knowledge of the transaction. And in this the trial court is fully sustained by the authorities. *Rupe v. Alkire*, 77 Mo. 642; *Van Raalte v. Harrington*, 101 Mo. 608.  (4)  In a case where both the law and the facts are intrusted to the court, the finding of the facts by the trial court will not be reviewed if there is evidence to support it.  If from the facts found a judgment necessarily followed as rendered, it is not important to inquire whether any particular instructions ought or ought not to have been given. *Suddarth v. Robertson*, 118 Mo. 293; *Cook v. Farrah*, 105 Mo. 508.

MACFARLANE, J.—This suit is upon the official bond of defendant Purcell, as sheriff, to recover damages for the alleged wrongful seizure and sale of a stock of dry goods claimed by relators, and taken from their possession in Joplin, Missouri.

Defendant by answer justified the seizure on the

ground that the goods were levied upon by Purcell as sheriff by virtue of two writs of attachment issued against one Simon Swartz; and that the said Swartz had previously, with intent to hinder, delay, and defraud his creditors, sold and transferred them to relators who at the time had notice of such intent.

The case was tried without a jury. At request of relators the court stated in writing its conclusions of fact. These conclusions are stated at length and in detail. For a sufficient understanding of the case the facts will be briefly stated.

On the fourteenth of December, 1892, Simon Swartz was, and for some years had been, a merchant in Joplin and had on hand a stock of dry goods. He was at the time largely indebted and some of his mercantile creditors were then pressing him for payment. He owed T. W. Cunningham, a banker at Joplin, about $2,400, which was secured by mortgage on real estate of his wife valued at $9,000. He also owed him about $500 which was unsecured. Relators lived in LaCygne, Kansas.

On said day said Swartz sold his stock of goods to relators for $3,000, which was paid by draft, of which $2,900 was paid to Cunningham on his claims, and $100 was paid to his attorney. The goods were at once delivered to relators. The entire transaction was concluded that morning before breakfast.

In about two hours after the transfer two of Swartz's mercantile creditors commenced suits by attachment against him, writs were issued and the goods were levied upon by defendant Purcell, who was then sheriff. Afterward, under an order of court, the goods were sold by the sheriff at auction and brought $3,600.

The court found "that said sale on the part of Swartz was made to defeat and defraud a part of his

creditors, and that said Friedman knew the purpose of said sale when he made the draft on the National Bank of Kansas City and delivered it to Swartz. The eighth finding was as follows:

"The court finds from all the facts and circumstances that relators had actual notice before the purchase of said stock of a fraudulent intent on the part of Simon Swartz in disposing of the same."

The court also found the value of the goods at the time of the transfer to be $3,600, and that the price paid for them by relators was inadequate. The general finding was for defendant and from a judgment thereon plaintiffs appealed.

I.   The court found from the evidence that the sale of the goods was made by Swartz with the fraudulent intent of hindering and delaying his creditors and that appellants knew of such intent when they purchased them.

Relators asked the court to declare, as a legal conclusion, that they were not "chargeable with notice of any fraudulent purpose on the part of Swartz, merely because A. Friedman failed to avail himself of an opportunity of making investigations, which, if made, would have revealed some fraudulent purpose if any such purpose existed." This declaration of law the court refused.

While it may not be required of a purchaser of goods, in the usual course of business, to inquire into the motives of the seller, yet he can not be allowed to shut his eyes to facts and circumstances which indicate a fraudulent motive. He is bound to draw correct inferences from facts and circumstances of which he has knowledge, and which are consistent only with a fraudulent intent. The evidence in this case requires the application of no broader rule. But the declaration, as an abstract proposition of law, is not correct.

The rule is that, "facts and circumstances which would naturally put a person of ordinary caution on an inquiry, reasonably leading to knowledge of the truth, are evidence from which that knowledge may be found." *Barrett v. Davis*, 104 Mo. 549. We find no error in refusing this declaration.

II. Relators complain of the refusal of the court to give the second declaration of law. This declaration broadly asserts the proposition, that if Swartz intended to apply all the proceeds of the sale to the payment of his valid indebtedness, then there could be no fraudulent purpose or intent in making the sale.

There is no doubt that a debtor in failing circumstances has the right to dispose of his property in order to obtain money for the purpose of paying his debts. This is so though the sale may in fact hinder and delay his creditors. But this right has coupled with it the condition that the sale is made with an honest purpose. *Dougherty v. Cooper*, 77 Mo. 531, and cases cited. The intention of the seller gives character to the transaction under the statute. Sec. 5170. A conveyance may be for an adequate consideration and yet fraudulent as to creditors. *Johnson v. Sullivan*, 23 Mo. 482; *Murray v. Cason*, 15 Mo. 379. There was no error in refusing this instruction.

III. Appellants assign as error the admission of the invoice of the goods made by the sheriff as evidence of their value. The record shows that the witness was asked what amount was shown by the inventory. To this, objection was made.

*By the court:* "I don't care what the inventory was, but if he knows, he can tell, after taking the inventory, what the value of the stock was." To this, counsel for plaintiff objected and excepted. *Witness:* "I believe I have the inventory here in the desk. My

recollection is it was over $7,000." No further objection was made.

It will be seen from what was done and said that the inventory was not admitted as evidence at all. The court directed the witness to give his opinion as to the value of the goods as ascertained in making the inventory. The views expressed by the court in passing upon the objection show that the inventory was not taken as evidence of the value of the goods. The improper answer of the witness could not have influenced the court in its finding. But in any event the answer of the witness was voluntary, and if plaintiff feared its effect on the finding, he should have moved to have it stricken out, or disregarded.

The court found the value of the goods when attached to be $3,600, the amount for which they were sold at auction by the sheriff. Plaintiff bought the goods for $3,000, and admitted to the sheriff that he only paid sixty per cent of their estimated value. Plaintiff himself testified on the trial that the goods were easily worth $3,500 or $3,600, and that he intended to pay not exceeding fifty per cent of their value. In his petition he claimed the value of the goods to have been $5,000. It is difficult to perceive wherein plaintiffs could have been prejudiced even had the invoice been admitted in evidence. The value found by the court was within the lowest estimate placed upon the goods by plaintiff himself.

IV. The court stated, in one of its conclusions of fact, that the sum of $3,000 paid by relators to Swartz "was an inadequate consideration for said stock of goods." This, it is claimed, was a virtual declaration of law that the sale was fraudulent because of inadequacy of consideration.

We do not think the statement can be regarded in such a light. The judge in his finding of fact did not

confine himself to mere general conclusions, but found specifically many of the various facts, which may be regarded, separately, as mere badges of fraud, and from which the general conclusion was drawn. This criticized conclusion was one of them. It was, therefore, intended by the judge to state a fact and not a conclusion of law.

Nor do we think the language used implies more. The word, inadequacy, as used, does not imply that the sale was fraudulent. The broadest legal implication that can be drawn from it is that the inadequacy of consideration was a badge of fraud. "Inadequate price" is defined to be, "a term applied to indicate the want of a sufficient consideration for a thing sold, or such a price as, under ordinary circumstances, would be considered insufficient." Bouv. Law Dict.

In legal contemplation a sale will not be regarded as fraudulent for the reason alone that the consideration is inadequate. When, therefore, the judge trying this case declares the consideration paid for the goods, by relators, to have been inadequate, without declaring its legal effect on the sale, we only understand him to state, as a fact, that the amount paid was less than the goods, under ordinary circumstances, were worth.

If relators desired the court to state its conclusions of law on any of the facts found they should have made proper and timely requests.

V. Counsel for relator undertakes to show that the conclusions of fact are not justified under the evidence. An examination of the evidence shows us that it not only tended to prove, but satisfactorily establishes every fact found. Such findings, if supported by substantial evidence, are as conclusive upon an appellate court as the verdict of a jury would be under the same evidence. The credibility of the witnesses, and the weight to be given the circumstances are mat-

ters for the determination of the trial court, and will not be reviewed on appeal. Finding no error, the judgment is affirmed. ROBINSON, J., not sitting. The other judges concur.