<hr />

JAMES PHILAMALEE v. STATE OF NEBRASKA.

FILED MARCH 22, 1899. No. 10504.

1. Larceny: DEFINITION: INSTRUCTIONS. While an instruction defining larceny is erroneous which omits to charge that the taking must be with a felonious intent, the instruction need not use the word "felonious," if words of equivalent import or meaning are employed.

Philamalee v. State.

2. **Instructions.** Instructions must be considered together.

3. ———: CRIMINAL LAW: TESTIMONY OF ACCUSED. In a criminal pros-
ecution it is not reversible error for the court to instruct the
jury that they have the right to take into consideration the
interest of the defendant in the result of the trial in determin-
ing the weight to be accorded his testimony.

4. ———: REQUESTS. A party cannot, ordinarily, be heard to com-
plain that the trial court did not present particular features of
a case to the jury, where he has not requested an appropriate
instruction upon that subject.·

ERROR to the district court for Cedar County. Tried
below before EVANS, J. *Affirmed.*

*C. A. Kingsbury* and *Sullivan & Griffin*, for plaintiff in
error.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy.
Attorney General,* for the state.·

NORVAL, J.

James Philamalee was prosecuted in the district court
of Cedar county under an information charging the crime
of robbery, and upon the trial was convicted of grand lar-
ceny and sentenced to imprisonment in the penitentiary
for the period of one year. He has brought the record
here for review, alleging as grounds for reversal that cer-
tain instructions were erroneous, and that the evidence
is insufficient to sustain a conviction.

Complaint is made of the following definition of lar-
ceny contained in the seventh instruction: "Larceny is
the wrongful and unlawful taking and carrying or lead-
ing away of a thing, without claim of right made in good
faith, and without the owner's consent, with the intention
of permanently converting it to a use other than that of
the owner." The criticism made upon this instruction is
that it omits the element of felonious intent. This court
has more than once said, in effect, to constitute larceny
the taking must be with felonious intent, and an instruc-

tion is erroneous which does not contain that ingredient of the crime of larceny. (*Thomson v. People*, 4 Neb. 524; *Mead v. State*, 25 Neb. 444; *Waidley v. State*, 34 Neb. 250; *Barnes v. State*, 40 Neb. 545.) We are satisfied that the doctrine of those cases is sound, but it does not follow that the instruction here assailed is erroneous. It is not essential that an instruction defining larceny should contain the word "felonious," but if the words or language employed bear the same import it will suffice. In the instruction before us the court told the jury that to constitute larceny the taking must not only have been wrongful and unlawful but "without a claim of right made in good faith, and without the owner's consent." This definition is clearly within the rule announced in the foregoing cases. (*Carrall v. State*, 53 Neb. 431.) Moreover, by the second instruction given at the request of the defendant it was expressly stated that the accused could not be convicted of larceny if the evidence failed to show a felonious intent to steal the property. Instructions should be considered together, is the rule, and when so construed the crime of larceny was sufficiently defined in the charge in this case.

The tenth instruction is assailed, which reads as follows: "The jury are instructed that when the defendant testified in this case he became as any other witness, and his credibility is to be tested by, and subjected to, the same tests as are legally applied to any other witness, and in determining the degree of credibility that shall be accorded to his testimony the jury have a right to take into consideration the fact that he is interested in the result of this prosecution, as well as his demeanor upon the stand, and the fact that he has been contradicted by other witnesses." The vice imputed to this portion of the charge is that it advised the jury they were at liberty, in weighing the testimony of the accused, to take into consideration his interest in the result of the prosecution. This court is committed to the doctrine laid down in the portion of the instruction just quoted. (*Johnson v. State*,

34 Neb. 257; *Housh v. State*, 43 Neb. 163; *St. Louis v. State*, 8 Neb. 405; *Murphy v. State*, 15 Neb. 383.)

The jury found the value of the property stolen to be $36.20. It is urged that this sum may have been fixed by a consideration of a preponderance of the evidence, and that the court should have instructed the jury that the accused was entitled to a reasonable doubt in determining the value of the property. They were advised by the charge of the court what the material allegations of the information were, and told that the state must prove every one of them beyond a reasonable doubt. If the defendant wished the jury especially instructed that he was entitled to the benefit of a reasonable doubt on the question of the value of the property, he should have tendered an appropriate instruction announcing the proposition. This he did not do, and he cannot now predicate error upon the failure of the court to instruct the jury upon that point. (*German Nat. Bank of Hastings v. Leonard*, 40 Neb. 676; *Barr v. City of Omaha*, 42 Neb. 341.)

We have read with considerable care the evidence contained in the bill of exceptions, and while the same is conflicting, that introduced by the state was sufficient to establish every element of the crime of grand larceny. No reversible error being disclosed, the judgment is

AFFIRMED.