RACHEL KUGEL and A. KUGEL, Appellants, v. WILLIAM C. KNUCKLES et al., Respondents.

St. Louis Court of Appeals, July 22, 1902.

1. **Ejectment: IMPROVEMENTS: KNOWLEDGE OF ADVERSE CLAIM: ACTUAL NOTICE.** In a suit by defendant in ejectment to recover the value of improvements (under R. S. 1899, section 3072), it appeared that the claimant had ample means of knowledge of the adverse title before making the improvements for which he claimed compensation. *Held*, that the trial court was warranted in finding actual notice of the adverse title, in the circumstances described in the opinion.

2. ———: ———: ———: **CONSTRUCTIVE NOTICE.** In a suit, under the section above mentioned, the claimant can not be defeated by mere constructive notice of the adverse title.

3. **Good Faith: INNOCENCE: STATUTORY CONSTRUCTION.** The origin of the statute cited above is indicated and its essentials declared to be good faith and innocence on the part of the claimant for compensation.

4. **Finding of Fact.** Possession of the means of knowledge of a particular fact justifies a finding of actual knowledge thereof.

Appeal from St. Francois Circuit Court.—*Hon. James D. Fox*, Judge.

AFFIRMED.

*Wm. Carter* and *Huff & Sleeth* for appellants.

(1)   The court erred in refusing to give the second declaration of law asked by the plaintiffs at the close of all the evidence in the cause and in holding as he did that the improvements put upon the two lots in controversy in this case by plaintiffs were not put there by them in good faith, for the reason that they were put upon said premises by plaintiffs after they had notice of the adverse title of the defendants. This finding of the court was wholly unwarranted by the testimony in the cause.   Beard v. Dansty, 48 Ark. 183, 2 S. W. 701, and authorities cited; Bank v. Hudson, 111 U. S. 66; Barrett v. Stradt, 73 Wis. 385; Justice v. Baxter, 93 N. C. 405; Methodist Episcopal Church v. Jaques, 1 John. Ch. 450; Templeton v. Lowry, 22 s. c. 389; Sartin v. Hamilton, 12 Tex. 219; Pearce v. Franteem, 16 La. 414; Read v. Howe, 49 Iowa 65; Dothage v. Stuart, 35 Mo. 251; Russell v. DeFrance, 39 Mo. 506; Hill v. Tessier, 15 Mo. App. 299; Stump v. Hornbeck, 15 Mo. App. 367; s. c., 94 Mo. 26; Bank v. Grewe, 101 Mo. 629; Pierce v. Rollins, 60 Mo. App. 508.   (2)   That is to say that the court erred in holding that the improvements put upon said premises by plaintiffs were not put there by them in good faith, and in holding that plaintiffs had actual notice of the defendants' adverse title at the time of putting said improvements upon the lots in question.   See authorities cited under first point.

*M. R. Smith* and *B. H. Marbury* for respondents.

In order for an occupant to recover the value of permanent improvements put by him on the land, he must have made these improvements in good faith, without notice of his opponent's adverse title.   Such notice need not be actual knowledge of his opponent's title, but may be of some fact or circumstance that

would lead a man of ordinary prudence to such an inquiry as would lead to knowledge of his adversary's title, if honestly followed. If he is put on the alert, this is notice. Lee v. Bowman, 55 Mo. 400; Brown v. Baldwin, 121 Mo. 106; Rhodes v. Outcalt, 48 Mo. 367; Mason v. Black, 87 Mo. 329; Schumate v. Reavis, 49 Mo. 333; Whitman v. Taylor, 60 Mo. 127; Dothage v. Stuart, 35 Mo. 251; Maupin v. Emmons, 47 Mo. 304; Drey v. Doyle, 99 Mo. 459; Devine v. Charles, 71 Mo. App. 210.

BARCLAY, J.—This is a statutory action to obtain compensation for improvements, as permitted by the Missouri statute regulating actions for the recovery of possession of real property. R. S. 1899, sec. 3072.

The present plaintiffs were defendants in an action of ejectment in the circuit court of St. Francois county, Missouri, wherein the present defendants prevailed, and at the November term, 1899, had judgment against plaintiffs for the recovery of possession of two certain lots of land in the city of Farmington, together with the usual order of execution.

Then the suit at bar was begun at the same term of court to recover of defendants (the former plaintiffs) the value of certain improvements made by plaintiffs, consisting of a sidewalk, some fencing, a house and a cistern, the total value of which is about $1,500.

The pleadings need not be recited. The substance of the case is this:

Plaintiff, Mrs. Kugel, acquired an interest in the land in question through a sale for taxes in May, 1890, and obtained a sheriff's deed purporting to convey to her the estates therein of John W. Knuckles and George J. Cundiff, defendants in the tax case. The land was then vacant.

Afterwards the same plaintiff obtained a warranty

deed from John W. Knuckles and wife, February 23, 1892.

Mr. Kugel and his wife, the grantee in the above conveyances, assumed possession of the land in 1890, after the first deed above mentioned. Not long afterwards they made the improvements in the order in which they are mentioned above. Having a wish to borrow some money on the land as security in order to build the house, Mr. Kugel obtained an abstract of title, March 12, 1891, which disclosed that the land had been devised by Tabitha Green to John W. Knuckles for life, with remainder to the heirs of his body, in default whereof the title should vest in George J. Cundiff and his heirs. The will was not recorded in the recorder's office of St. Francois county until July 3, 1891, but it had been probated, November 23, 1881. Plaintiffs, however, disclaim knowledge or, at least, understanding of the meaning of the report on the title prepared by the attorney who made the investigation of the records on their behalf.

It does not appear necessary to recite the testimony at large. It seems to us to warrant the inferences which the learned trial judge drew from it, and to which we shall refer again.

The case was tried without a jury.

At the close of the evidence plaintiffs asked, and the court refused, a binding declaration of law for a finding in favor of plaintiffs for the value of the improvements.

The court, however, then approved the following declaration requested by plaintiffs:

"1. The court declares the law to be that if the plaintiffs purchased the lots in controversy in good faith, believing that they acquired good title thereto and put the improvements on said lot prior to their having received any notice of the claim of these defendants, then and in that event the plaintiffs are entitled to

Vol 95 app—43

recover the value of the improvements so put upon said lots by them, and the finding and judgment of the court will be for the plaintiffs.

"The court further declares the law to be that the record introduced in evidence in this cause did not impart such notice to these plaintiffs as would deprive them of the right to recover the value of the improvements put upon said lots by the plaintiffs."

The court gave judgment for defendants, and plaintiffs took this appeal, after the usual motions and exceptions for review.

The right of recovery in this case depends entirely upon the verity of the contention of plaintiffs that the improvements for which compensation is sought were made in good faith before notice of the adverse title. R. S. 1899, sec. 3072.

The law which permits this kind of aftermath to an action of ejectment, is old in Missouri. Its form was distinctly outlined by an enactment in the year 1816, antedating the formation of the State government in Missouri Territory. 1 Terr. Laws 464, ch. 163; Geyer's Dig., p. 226. Its germ is found in an ancient system of jurisprudence. Insts. Just., Bk. 2, tit. 1, 30; Sanders, Insts. (4 Ed.), p. 184. The principle of justice on which it rests is no longer a subject of debate. The fundamental ideas which sustain its application are good faith and innocence on the part of the claimant.

In the case at bar, the testimony and admissions of the active plaintiff who acted as agent for his wife, the other plaintiff, fully justified the finding of facts by the learned trial judge, under the declarations of law as requested by the eminent and accurate counsel who represented plaintiffs.

It was shown by the testimony that, at the very time plaintiff acquired the title, a former owner of the land mentioned to one of plaintiffs the "Green will," by the terms of which full notice was given that John

W. Knuckles (whose title plaintiffs had) possessed only a life estate. His children, the defendants in this suit (plaintiffs in the ejectment) were the owners of the remainder in fee, subject only to the contingency of surviving him. R. S. 1899, secs. 4592, 4594.

The deed obtained by one of the plaintiffs from John W. Knuckles, referred expressly to the Green will, and the latter had been probated in 1881, in St. Francois county. Plaintiffs lived in Farmington and could have seen the will by simply going to the office of the probate court in that city, or have had it examined by counsel.

The contents of the abstract of title, prepared at the instance of plaintiffs, furthermore gave full notice of the limited nature of the title they had, which was only a life estate.

A man may not close his eyes to all avenues of light and claim the benefit of ignorance, when the means of knowledge are immediately at his hand; or, at least, the possession of complete means of information warrants a court in drawing the inference of his knowledge from the facts which disclose such abundant means thereof as here appear. A court may infer that a party has used such means and acquired actual knowledge in circumstances like those here shown. State ex rel. v. Purcell, 131 Mo. 312. Constructive notice of the adverse title is not sufficient to defeat the recovery for improvements; actual notice is required. Brown v. Baldwin, 121 Mo. 106.

We regard the testimony here as affording ample support for the finding of actual notice to, or knowledge by, plaintiffs of the adverse title.

These principles of proof have been applied in suits of this particular sort so often as to render any elaborate discussion of the subject needless. Lee v. Bowman, 55 Mo. 400; Drey v. Doyle, 99 Mo. 459; Brown v. Baldwin, 121 Mo. 106.

The learned circuit judge was surely right in refusing to declare that plaintiffs were entitled to recover as a matter of law.

That is the only issue of law involved in the appeal.

The judgment is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.