[Criminal No. 346. Filed November 26, 1913.]

[136 Pac. 626.]

## BABTISTA MARINONI, Appellant, v. STATE, Respondent.

1. HOMICIDE—EVIDENCE—RES GESTAE—OTHER OFFENSES.—On a trial for murdering B. in a fight in which accused also killed F. with a knife or other sharp instrument, witnesses who examined the wounds on both bodies could testify as to their kind and character to aid the jury in determining whether they were inflicted by the same instrument and by the same person, since evidence of another and distinct crime is admissible if it is committed as part of the same transaction and forms part of the *res gestae.*

   [As to what is included in *res gestae,* see notes in 95 Am. Dec. 51; 16 Am. St. Rep. 407.]

2. WITNESSES—EXAMINATION—RESPONSIVENESS OF ANSWER.—Where a witness was asked to describe the wounds on the bodies of two persons killed in a fight, an answer that they were similar in nature and

in the witness' opinion inflicted by the same instrument should have been stricken as unresponsive.

3. CRIMINAL LAW—EVIDENCE—OPINION EVIDENCE.—The testimony of a witness asked to describe the wounds on the bodies of two persons killed in a fight that they were similar in nature and in the witness' opinion made by the same instrument should have been stricken as a conclusion or inference of the witness.

4. CRIMINAL LAW—RECEPTION OF EVIDENCE—MOTION TO STRIKE OUT— NECESSITY.—Where, in answer to a proper question, the witness by an unresponsive answer gave incompetent testimony which should have been stricken on a proper motion, but no such motion was made, error could not be based on the admission of the answer, since the court was not bound to strike the answer on its own motion but might assume that the adverse party was satisfied therewith.

5. HOMICIDE—EVIDENCE—SUFFICIENCY.—On a trial for murder committed in a fight, in which a number of persons were engaged, evidence *held* sufficient to support a conviction, though no eye-witness saw accused strike deceased.

6. CRIMINAL LAW—APPEAL—REVIEW—QUESTIONS OF FACT.—As a general rule, where there is material evidence tending to prove defendant's guilt, and the trial court refuses to set the verdict aside, an appellate court will not reverse the action of both the trial court and the jury.

APPEAL from a judgment of the District Court of the Second Judicial District of the Territory of Arizona, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Messrs. Baker & Baker, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Respondent.

ROSS, J.—Appeal from a judgment of conviction of murder in the first degree, with punishment at life imprisonment.

The appellant assigns three errors: (1) The admission of evidence; (2) overruling motion for new trial; and (3) "that the evidence is insufficient to support the verdict and is contrary to the verdict in that it does not show that appellant killed the deceased or was in any manner implicated in his death."

The evidence discloses that appellant, who is an Italian, and two fellow countrymen between 11 and 11:30 o'clock at night on December 10, 1910, in Bisbee, became engaged with a like number of Americans in an altercation which immediately developed into a fight. The net result of the fight was two dead Americans and one seriously wounded. The wounds inflicted on the three Americans were all incisions, cuts, or jabs as if made by a knife or other sharp-pointed instrument. The Americans were named Parker Bowling and Don Faulk, who were killed, and Ernest Duber, who was wounded.

The appellant was indicted for the murder of Parker Bowling. There is no doubt of appellant's inflicting the wounds that caused the death of Faulk, as well as the wound on Duber. Eye-witnesses and the circumstances indubitably mark him as guilty. No eye-witness saw appellant strike Parker Bowling. However, it was the theory of the prosecution that the same man, with the same instrument, inflicted all the wounds.

To sustain that theory, John Bowling, who was a member of the coroner's jury, was asked by the prosecution, after stating without objection that he had examined the bodies of Parker Bowling and Faulk and the wounds thereon, to describe the wounds on the body of Bowling, which was done. The prosecution then asked, "Did you see the wounds or marks of violence on the body of Faulk?" and, although the same question had been asked and answered without objection just a moment before, the following colloquium took place: "Mr. Pickett: Object to any testimony about Mr. Faulk. Mr. Williams: This is a preliminary question, and we expect to show by this witness that the wounds were all inflicted at the same time, in the same place, and by the same man. Mr. Pickett: They are separate offenses, . . . and to present any testimony here about anybody else . . . except Bowling is immaterial. Mr. Williams: . . . It is a part of the *res gestae.* Mr. Pickett: The testimony of another offense is inadmissible. . . . We are not trying this man for anything except the death of Bowling; anything further we object to it. . . . Mr. Williams: . . . We are trying to show, and it is competent to show, that the wounds were inflicted by the same instrument, and for that purpose the evidence is introduced. Mr. Pickett: If inflicted upon the person for the death of whom this man is

being tried, it is competent and we have no objection to it, but for any other person at any other time and under any other circumstances we object. He is not being tried for the other. The Court: . . . If you expect to prove that the wounds were inflicted at the same time and by the same instrument and by the same person, for that reason it would be admissible. .·. . Mr. Pickett: We except to the ruling. . . . We think it is immaterial and incompetent. Q. Did you examine the wounds on both of those bodies, Mr. Bowling? A. Yes, sir; I did. Q. Describe as near as you can the wounds that you found. Mr. Pickett: Same objection, your honor, to each one of these questions. . . . A. Well, the nature of the wounds on both Mr. Faulk and Mr. Bowling, my judgment would be that they were made with the same instrument (that is, the wounds were very much similar in nature), and I would judge that the same instrument made both wounds on both men. Made the wounds on both men." We have quoted at large from the colloquy of counsel so that it may clearly appear what the objection insisted upon by appellant was.

It will be seen that the vice is in the answer and not in the question. The question was proper, and, had the answer been responsive and been confined to a description of the wounds, no grounds for complaint would exist. The objections to the question were in effect that the prosecution was limited to the introduction of evidence touching the specific charge in the indictment. The law, however, is that "evidence of another and distinct crime is admissible if it is committed as part of the same transaction and forms part of the *res gestae*." 12 Cyc. 407. As both the dead men were killed at the same time and place and in the same fight and by means of cutting and stabbing, it was competent for the prosecution to show, by witnesses who examined the wounds on both bodies, the kind and character of the wounds, leaving the question as to whether they were inflicted by the same instrument and by the same person to the jury. The witness did not describe the wounds, as he was asked to do, but proceeded to give to the jury his opinion. While the prosecution's purpose doubtless was ultimately to secure the opinion of the witness (and we say this because of his offer), it was not sought in the question objected to.

XV Ariz.—7

.The answer of the witness should have been stricken for two reasons: (1) It was not responsive to the question; and (2) it was the conclusion or inference of the witness. No motion to strike the answer was made.

It cannot be said that it was the duty of the court on its own motion to order the answer stricken, for, in the absence of any request to do so, it may be assumed that the appellant was satisfied with the answer. Anyway, appellant should have made the competency and relevancy of the answer an issue, thereby affording the trial court an opportunity to pass upon it. In order to base error on the admission of an answer not responsive to the question put, it is necessary that a motion should be made to strike the answer. The rule is the same in criminal as in civil cases. 12 Cyc. 564; *Gould* v. *Day*, 94 U. S. 405, 24 L. Ed. 232; *Grisell* v. *Noel Bros. etc.*, 9 Ind. App. 251, 36 N. E. 452; *Missouri Pac. Ry. Co.* v. *Shumaker*, 46 Kan. 769, 27 Pac. 126; *Marsh* v. *Webber*, 16 Minn. 418 (Gil. 375); *State ex rel. Friedman* v. *Purcell*, 131 Mo. 312, 33 S. W. 13; *German Nat. Bank* v. *Leonard*, 40 Neb. 676, 59 N. W. 107; 46 Century Digest, title ''Trial,'' par. 238.

In Thompson on Trials, second edition, volume 1, it is said: ''It will often happen that, althought the question may be proper, the answer will be improper, not being responsive to the question. In such case objection to the answer must be taken by moving to strike it out. So, where a witness is asked a question and, instead of answering in a responsive manner, gives an expression of his opinion, this may be properly stricken out on motion.''

To allow the competency of this evidence to be raised for the first time in this court would violate the rule, well established, that appellate courts will not review questions not made issues judicially determinable in the trial court.

The other two errors complained of question the sufficiency of the evidence to sustain the verdict. That the appellant was engaged in the mixed fight that resulted in the death of Bowling is not questioned. He was seen to strike Faulk while the latter was on top of his antagonist. He stabbed Duber in the back. He and Ravilla, who was fighting Bowling, were the last to leave the scene of trouble, and they left together. The evidence is conclusive that he had a knife and that he used it on two of opposing combatants. His opportunity to

stab Bowling was unobstructed, as by that means he had dispensed with his antagonist and laid Faulk low. While at the beginning of the trouble an Italian was paired off with an American, so that three pairs were formed, the appellant made short work of his man and at once became a free lance and devoted his attentions to relieving his companions.

We think there was ample evidence justifying the jury in finding the appellant guilty. The lower court in considering the motion for a new trial had in view, as detailed by the witnesses, all of the evidence with the advantage of personal knowledge and opportunity of observation. "The general rule seems to be that, when there is material evidence tending to prove defendant's guilt before the jury and the trial court refuses to set their verdict aside, the appellate court will not reverse the action of both the trial court and the jury." 12 Cyc. 906; *Anderson* v. *Territory*, 6 Ariz. 185, 56 Pac. 717.

The judgment of the trial court is affirmed.

FRANKLIN, C. J., concurs. CUNNINGHAM, J., took no part in the decision.