ALBERT BARTELL V. STATE OF NEBRASKA.

FILED APRIL 17, 1894. No. 6790.

1. **Criminal Law**: TRIAL: JURY: REPORTER'S NOTES. On a trial for felony, the jury, after having been sent out to consider of their verdict, returned into court and requested to have the testimony of two of the witnesses for the prosecution read to them. By direction of the trial judge, the court reporter read from his notes the evidence requested by the jury. The prisoner was present in court in charge of the sheriff; his counsel was not present and had no notice of the transaction. *Held*, Reversible error. *Jameson v. State*, 25 Neb., 185, distinguished.

2. **Assault with Intent to Commit Murder**: EVIDENCE. The evidence in this case examined, and *held*, not sufficient to sustain a conviction for an assault with intent to commit murder.

ERROR from the district court of Harlan county. Tried below before BEALL, J.

*R. L. Keester*, for plaintiff in error.

*George H. Hastings, Attorney General, Gomer Thomas, J. G. Thompson,* and *D. S. Hardin,* for the state.

RAGAN, C.

Albert Bartell was convicted in the district court of Harlan county of the crime of an assault with intent to murder. From the judgment pronounced against him upon such conviction he prosecutes error to this court.

Of the numerous assignments of error, two only are deemed worthy of serious consideration. Bartell's case was submitted to the jury on the afternoon or evening of November 29th, and on November 30th, that being Thanksgiving day, the jury, having been out all the previous night without agreeing upon a verdict, sent word to the trial judge that they desired to communicate with him; thereupon the judge of the court, the court reporter, the sheriff with Bartell in his charge, and the prosecuting attorney, went to the court room and the judge sent for the jury, and on their being brought in asked them what they desired. The jury responded that they desired to have read to them the evidence of two of the witnesses who had testified on behalf of the state; and thereupon the judge directed the court reporter to read to the jury, from his notes, the evidence given on the trial by two of the witnesses for the state. The court reporter read the evidence as directed from his notes. The counsel for the prisoner was not present, nor was he notified to be present.

Section 484 of the Criminal Code provides: "When the case is finally submitted to the jury they must be kept together in some convenient place under the charge of an officer until they agree upon a verdict or are discharged by the court. The officer having them in charge shall not suffer any communication to be made to them or make any himself, except to ask them whether they have agreed upon a verdict, unless by order of the court."

In *Jameson v. State*, 25 Neb., 185, it is said—I quote from the syllabus: "On a trial for felony, the jury, after having been sent out to consider of their verdict, returned into court, announced that they had not been able to agree, and requested to have the testimony of the principal witness for the prosecution read to them .from the reporter's notes, which being agreed to in open court by the attorneys on either side, was accordingly done. *Held,* That while the practice would not be encouraged, a conviction would not be reversed for that cause."

In the case at bar, as already stated, the counsel for the prisoner was absent, and in that respect the case is distinguishable from *Jameson v. State, supra.* But we do not approve of the practice; we think it is a practice fraught with danger to the liberty and life of the citizen. The constitution guaranties the right to one accused of crime to meet the witnesses against him face to face. The evidence read by the reporter in the case at bar was hearsay. This practice, if allowed to ripen into a precedent, will open the door for fraud. It will enable a court reporter, should he be biased for or against a party to a suit, to read such parts of the testimony as are favorable to the party whom he favors. The reading of this evidence was unauthorized and irregular. It is no answer to the objection to say that the prisoner was present. He was present; he was in charge of the sheriff; he was under arrest; he was in chains, and the record does not disclose that he consented; and if it did, we still think, under the circumstances, that he would not be estopped from assigning the transaction as error.

The second error alleged is that the verdict of the jury is not supported by the evidence. It would subserve no useful purpose to quote the evidence at length, or any considerable part of it. Summarized, it amounts to this: That trouble arose between the plaintiff in error and his sister over some property. A quarrel ensued, during which the plaintiff in error struck his sister over the head and

shoulders with a buggy whip. The evidence is conflicting as to whether he struck her with the butt end of the whip; but conceding that he did, we are of the opinion that this evidence was wholly insufficient to support a finding of an assault with intent to commit murder. The evidence did not warrant the jury's finding that the prisoner made the assault with deliberate and premeditated malice, nor with any felonious intent. The judgment of the district court is

REVERSED.