[Criminal No. 265.    Filed March 20, 1909.]

[100 Pac. 462.]

QUONG YU, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—APPEAL—FINDINGS—CONCLUSIVENESS — CONFLICTING EVIDENCE.—An appellate court will not disturb a verdict on conflicting evidence if there is any substantial evidence to support it, the question not being whether the appellate court would have rendered the same verdict, but whether there was no evidence to support it, so that it must be presumed to have been rendered through an improper motive.

2. BURGLARY—SUFFICIENCY OF EVIDENCE.—In a burglary prosecution, finding of stolen goods in accused's place, together with the testimony of an accomplice, *held* to sustain a verdict of conviction.

3. CRIMINAL LAW—INSTRUCTIONS—CONSTRUING AS A WHOLE.—A part of a paragraph in an instruction, or a particular expression therein, should not be considered entirely apart from its context, but the whole instruction should be considered together.

4. CRIMINAL LAW—TRIAL—INSTRUCTIONS—ON WEIGHT OF EVIDENCE.— Accused's accomplice testified that he and defendant entered a store and removed goods and took them to accused's place, and the court

instructed that, before accused could be convicted on the testimony of the accomplice, the latter's testimony must be corroborated by other evidence which, in itself, and without the aid of the accomplice's testimony, tended to connect accused with the offense, and the corroboration was not sufficient if it merely showed the commission of the offense or the circumstances thereof, and, if accused got the goods in some other way than by being present when the burglary was committed, he could not be convicted, but the jury could take into account the testimony as to the goods being in his possession, and, if that testimony corroborated the accomplice's testimony that accused was present, he could be convicted, and "if the jury believed that the goods were taken to accused's place in connection with the burglary, they being found in his possession, that was a corroboration of the accomplice's testimony which could be considered." *Held*, that the part of the instruction quoted was not a charge on the weight of the evidence, but an instruction that the evidence mentioned constituted a corroboration of the accomplice's testimony, and was proper.

5. BURGLARY — SUFFICIENCY OF EVIDENCE — POSSESSION OF STOLEN GOODS.—While the bare possession of stolen goods does not necessarily connect accused with the burglary, such possession, where not satisfactorily explained, tends to prove guilt, and is a circumstance for the consideration of the jury.

6. CRIMINAL LAW—EVIDENCE—TESTIMONY OF ACCOMPLICE—CORROBORATION—ADMISSIBILITY.—Accused may object to testimony of an accomplice until the introduction of other evidence tending to establish guilt, when the court must either exclude the accomplice's testimony, or admit it under a ruling that the other evidence is sufficient, or upon the promise of the prosecution to subsequently supply such other evidence so as to make the accomplice's testimony competent.

7. CRIMINAL LAW—INSTRUCTIONS—TESTIMONY OF ACCOMPLICE—SUFFICIENCY OF CORROBORATING EVIDENCE.—Upon determining that the other testimony is sufficient to connect accused with the crime so as to admit testimony of an accomplice, the court can instruct that *the corroborating testimony is sufficient* to authorize the consideration of the accomplice's testimony, if it does not comment or instruct on the weight of such corroborating evidence.

8. CRIMINAL LAW — PROVINCE OF JURY — QUESTION OF LAW — SUFFICIENCY OF CORROBORATING EVIDENCE.—Whether the independent evidence required to render an accomplice's testimony admissible tends to establish accused's guilt so as to authorize the admission of the accomplice's testimony is a question for the court.

9. CRIMINAL LAW — PROVINCE OF JURY — WEIGHT OF EVIDENCE — CORROBORATION BY ACCOMPLICE.—The weight of evidence corroborating an accomplice's testimony, and the extent to which it tends to prove accused's guilt, is for the jury.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

A. C. Baker, for Appellant.

E. S. Clark, Attorney General, for the Territory.

DOAN, J.—The appellant in this case was convicted of burglary at the April term, 1908, of the district court of Maricopa county, and, from the judgment of conviction and the denial of the motion for a new trial, he appeals to this court, and assigns as error:

"(1) The court erred in giving the following instruction to the jury: 'But if from the evidence you believe beyond a reasonable doubt that these goods were taken to this man's place in connection with the attempted burglary, they being found there in his possession, this is a corroboration of the testimony of Arviso, which you would have a right to take into account.'

"(2) The verdict is contrary to the evidence."

We will first consider the second assignment. An examination of the record discloses that one Alberto Arviso was also indicted for the same burglary, and pleaded guilty, and, on the trial of the defendant (Quong Yu), Arviso testified at length in regard to the circumstances of the occurrence. The gist of the testimony was that on the night in question (December 14, 1907) he procured a one-horse wagon, and about 8 or 9 o'clock he drove to the defendant's store; he and the defendant got on the wagon, and went to a store known as the "New York Store"; that he entered the store, went upstairs, dropped the goods down with a rope, put them on a table in the back yard, opened the corral gate, when the defendant entered in said yard and helped him put the goods into the wagon, after which he closed the door, went out through the front of the store, and met the defendant on the corner of the alley, when they drove together to the defendant's store, when the defendant paid him some money and he went away.

The witness Arviso admitted on cross-examination that he had on a former occasion told the officers that he had committed this burglary in company with and by the assistance of one ———— Otero, but explained that fact by saying that he was drunk at the time they asked him, and he lied to them. The property stolen on the occasion of this burglary was fully identified by Charles Korrick, the proprietor of the store that was burglarized, who accompanied the city marshal and another officer to the defendant's place of business, and testified that he found the goods there in the defendant's bedroom concealed under the bed.

H. A. Moore, the city marshal, testified that on that occasion they found the goods, some on the shelves and some in a little storeroom, partly a storeroom and partly a bedroom, and a good many of the goods were concealed underneath the bed.

Leo Troutman, the officer who accompanied Korrick and the city marshal, testified that they found part of the goods in defendant's bedroom, and a few of them on the shelves, part under the bed, and part in the bed; they were covered up with some comforts on the bed; most of them were under the bed.

The testimony above referred to disposes of the second assignment of error. It is too well established to be seriously questioned that an appellate court will not interfere with the verdict of a jury based upon conflicting testimony, when there is any substantial evidence to support it. The question addressed to an appellate court on this assignment is not whether, if the court was sitting as a jury, they would render the same verdict as that found by the twelve men who tried the case under their oaths as jurors, but whether, on the one hand, there is any competent evidence to support the verdict found by the jury, or whether, on the other hand, the verdict was found without evidence, from passion, prejudice, or other improper motive or reason. The circumstances under which the goods were found in the possession of the defendant, corroborated by the testimony of the witness Arviso, would be held sufficient to support a verdict returned by twelve competent jurors, who, after hearing all the evidence in the case, including the defendant's explanation of his possession of the property and denial of his participation in the burglary,

state under their oaths that from this evidence they are satisfied beyond a reasonable doubt of the defendant's guilt.

The first assignment is based upon the instruction of the court. In considering the instruction herein submitted, we must take it in connection with the other instructions which constitute the charge of the court. It is not proper to single out one expression or statement or part of a paragraph and consider it entirely apart from the context. Quoting from the charge of the court on this feature of the case a little more fully than did the appellant, we find the court said: "Before you can find Quong Yu guilty on the testimony of the man who was engaged with him in this work—that is, Arviso—the testimony of Arviso must be corroborated by other evidence, which, in itself, and without the aid of the testimony of Arviso, tends to connect the Chinaman with the commission of the offense. . . . Now, if you should believe from the evidence in this case, or if you should have a reasonable doubt on the matter, that these goods were got by this Chinaman in some other way than by his being present there at the time of the burglary, you ought not to find a verdict of guilty in this case. . . . But you have a right to take into account the testimony with respect to these goods, and if that testimony, in your minds, corroborates the testimony of Arviso that the defendant was there, then you would have a right to convict him on the testimony of the two; that is, the testimony of Arviso and the fact of these goods being there; but you would not have a right to convict him on the testimony of Arviso alone, and would not have a right to convict him if you had a reasonable doubt as to how he came into possession of these goods—if you have a reasonable doubt that the claim of the prosecution as to how he came into possession of the goods was correct; but if from the evidence you believe, beyond a reasonable doubt, that these goods were taken to this man's place in connection with the attempted burglary, they being found there in his possession, that is corroboration of the testimony of Arviso which you would have a right to take into account."

The counsel for the appellant urged that, "to justify a conviction on the evidence of an accomplice, the evidence of corroboration must of itself and standing alone, and independent of the testimony of the accomplice, tend to connect

the defendant with the commission of the crime.'' The court so charged the jury in almost those identical words, the last instruction given at the close of the charge being: "A conviction cannot be had on the testimony of an accomplice alone, unless it is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.''

It is urged that the bare possession of stolen goods does not necessarily connect the defendant with the burglary. That is true, and that instruction is ordinarily given in burglary cases. It is likewise true that a further correct legal proposition is that the possession by the defendant of goods recently stolen on the occasion of a burglary is a circumstance to be taken into consideration by the jury in determining the guilt or innocence of the defendant, and, unless satisfactorily explained, it tends to prove the guilt of the defendant.

Counsel for the appellant urges that the court should not have alluded to or pointed out in his instructions possession of stolen goods as a corroboration of the testimony of the accomplice Arviso, and claim that this was fatal error, because it was a charge upon the weight of the evidence. We cannot concede that as a proper construction of the language quoted. The objectionable clause, if carefully examined, will be found to be not an instruction upon the weight of the evidence, but an instruction to the effect that this constitutes evidence that is a corroboration of the testimony of Arviso, which the jury have a right to take into account, and to give it the weight to which they may think it entitled. The same condition of affairs often arises in the trial of criminal cases in a different manner. Under the rule above stated, it is a right on the part of the defendant that is frequently exercised to object to the testimony of an accomplice until there has been other evidence introduced tending to establish the guilt of the defendant. Upon such objection it is incumbent upon the court either to exclude the testimony of the accomplice, or to admit it upon the ruling that certain evidence theretofore introduced is sufficient to authorize the testimony of the accomplice, or upon the avowal of the prosecution that it will later introduce such independent evidence to render the testimony of the accom-

plice competent.  The ruling of the court in such instance is based upon the legal proposition that such evidence does "tend to establish the guilt of the defendant," and therefore the testimony of the accomplice is entitled to be taken into consideration by the jury.  Such ruling is not erroneous so long as the court refrains from commenting or instructing upon the weight of such corroborating evidence.  The fact of its being evidence that tends to establish the guilt of the defendant, and therefore authorizes the admission of the testimony of an accomplice, is a question of law for the court. The weight to be given to such evidence is to be determined by the jury, and the extent to which it goes in tending to establish the guilt of the defendant is a question of fact for their consideration.

These are the only errors assigned and a further examination of the record discloses none.

The judgment of the lower court is therefore affirmed.

SLOAN, CAMPBELL, and NAVE, JJ., concur.

NOTE.—As to possession of recently stolen property as evidence of burglary, see note to *State* v. *Brady* (Iowa), 12 L. R. A., N. S., 199.