189 P.2d 455

**STATE v. ALEXANDER.**

No. 977.

Supreme Court of Arizona.

Feb. 9, 1948.

Lewkowitz & Wein, of Phoenix, for appellant.

John L. Sullivan, Atty. Gen., and William P. Mahoney, Jr., Asst. Atty. Gen., for appellee.

UDALL, Justice.

This is an appeal from a judgment finding the defendant (appellant) guilty of practicing dentistry without a license, a misdemeanor, and the imposition of a fine of $200. The trial was to the court, sitting without a jury, the case being submitted upon an agreed statement of facts.

The information was drawn and the conviction had under Section 67-903, A.C.A. 1939, the pertinent portions of which read:

*"Who deemed to be practicing dentistry.—* A person shall be deemed to be practicing dentistry who, * * * *for fee, compensation, emolument, or reward, direct or indi-*

*rect, received* \* \* \* with specific reference and application to the teeth, gums, jaws, oral cavity, \* \* \* in living persons, shall

\*      \*      \*      \*      \*      \*

"(h) Construct, make, alter, or repair an artificial substitute or restorative or corrective appliance;

"(i) Do any other remedial, corrective, or restorative work." (Emphasis supplied.)

Specifically, the defendant was engaged in the business of selling a product designed to make loose dental plates fit more perfectly by forming a sort of cushion above the plate. In demonstrating to his customers the proper way to apply his product there is no doubt that he came within the prohibitions of subsections (h) and (i) of the dentistry statute, supra, *if,* and only if this fitting service was "for fee, compensation, emolument, or reward, direct or indirect \* \* \*", as it will be noted from a careful reading of the statute that the doing of the enumerated things is the practice of dentistry *only* if it is for compensation.

▮ In determining then the only vital question before us in this appeal (whether the compensation was for the product alone or whether appellant was also being compensated for his demonstration) we must confine our review to the evidence before the trial court. Therefore, this appeal must be determined wholly upon the agreed statement of facts and the exhibits therein referred to, as that is all the trial court had with which to judge this case. The stipulation reads:

"It is hereby stipulated by and between the State of Arizona and Misu Alexander, defendant, that the following are the facts in the instant case:

"The defendant, Misu Alexander, who is not a licensed dentist in Arizona is the owner of a business conducted under the name, Reline Control Laboratory, located at 11 West Adams Street, Phoenix, Arizona, in rooms on the second floor at said address; that he sells a Reliner for false teeth for the price of Two and 50/100th Dollars ($2.50) per tube; that he has advertised in the daily papers of Phoenix, Arizona, in form and substance as per the advertisement attached hereto; that in his office he has places for customers to sit and that in the office he has several signs reading as does the sign attached hereto; that the article sold by him is employed and used on plates and dentures to make loose plates fit tight and comfortable.

"It is further stipulated that the complaining witness will testify to the following and stipulates that the same are the facts in the case:

" 'I went into the reception room at 11 West Adams Street, Phoenix, Arizona, and the girl asked what I wanted, and told her my plate was loose and needed relining. She took me into the *the* room where the

work was done. There were three or four booths with curtains over the front. I sat down and Mr. Alexander came in. I removed my upper plate and handed it to Mr. Alexander. He washed it off in a pan of water, scraped the plate slightly, then he held it over a flame for a few seconds and then placed the relining material in the plate. Then he handed me the plate and I replaced it in my mouth. He had me close my mouth together for a few second. Then I removed the plate, handed it to him again. He trimmed the material and placed more in the plate. I replaced the plate in my mouth and closed my mouth together. He reached in my mouth and tried to move the plate about. I removed the plate and he trimmed the excess material once more and replaced the plate in my mouth. Then he gave me the balance of the tube of material and told me to pay the girl in the outer office. I paid her $2.50 plus 5¢ tax. She gave me a receipt.' The original of which is attached hereto."

The office signs (referred to in the stipulation) appear upon 11″ x 13″ cardboard and read as follows:

"This is not
a Dental Office
We do not Make or Repair
        False Teeth–
We only give a free Demonstration
        of a Plastic Reliner–
The Purchase of the Relining
Material is the only charge
        we make–"

The following is a replica of the advertisements appearing in the local press, viz.:

"Your
FALSE TEETH
Relined and Tightened

| GUARANTEED | |
| --- | --- |
| to make a loose plate fit | $2.50 |
| tight and comfortable | Per |
| | Plate |

BETTER THAN NEW!
Tight, Comfortable, Clean Cushion Feel!

FREE DEMONSTRATION
Daily 9 A.M. to 6 P.M.
Positively no charge if not 100% satisfied

RELINE CONTROL LABORATORY
11 W. Adams St.—Upstairs"

Defendant presents ten assignments of error and practically an equal number of propositions of law which may be thus summarized: (1) That the trial court erred in law and fact in finding the defendant guilty of the offense charged as the stipulated facts show nothing more than the sale of a commodity together with a demonstration thereof. (2) That Section 67-903, supra, as construed and applied by the lower court to defendant's operations, is violative of both the Federal and State Constitutions, Const.U.S.Amend. 14; Const. Ariz. art. 2, §§ 4, 13, in that: (a) it is so indefinite, vague and uncertain as to deny

due process; (b) it is class legislation and hence discriminatory in that privileges are granted to a certain group which are denied to other citizens. (3) That the trial court employed a strained construction in interpreting the statute in question and failed to strictly construe the same.

Nowhere in the agreed statement of facts is it shown that the defendant was paid for rendering personal services. On the contrary, the stipulated facts support the view that the $2.50 charge was made solely for the tube of reliner. For example, the agreed statement says: "* * * he sells *a reliner* for false teeth for the price of * * * per tube * * *." (Emphasis supplied.) The emphasis is on the price of the tube of product, not upon the appellant's demonstrative application thereof. The sale purports to be of a tube of reliner, not of professional service. Later the agreed statement continues *"the article* sold by him is employed and used on plates and dentures to make loose plates fit". Again the emphasis is upon the product with no mention of professional service or a service charge. The sales slip shows $2.55 received, $2.50 for "1 Tube Reliner" and the added 5 cents for tax on the sale of this merchandise. Both the sign in the laboratory and the newspaper advertisement refer to a *free* demonstration, and the sign further clarifies by stating "The purchase of the Relining Material is the only charge we make". Finally, the instruction pamphlet which accompanies the product says "Mail Orders Promptly Filled".

■ It is true that the advertisement, sign, form of receipt and instruction pamphlet are pieces of evidence that it might be said the defendant in effect manufactured for his protection. And if this evidence were weighed against conflicting evidence it would be entitled to less consideration because of this fact. But here we have *no* conflicting evidence. If in truth and in fact the defendant were actually charging for the demonstration, and his modus operandi were a mere subterfuge, the burden was upon the State to have shown facts to establish this. For example, proof that the defendant charged less than $2.50 to a customer returning for a re-purchase, or for a tube ordered by mail, or that the charge here made was disproportionate to the charge for similar products sold at drug stores would be indicative that the defendant was receiving compensation for his services.

■■ In order to justify a conviction it was incumbent upon the state to establish all of the essential elements of the alleged crime beyond a reasonable doubt. It is the rule in this jurisdiction that where there is any substantial evidence upon which the verdict is based, the mere weight and sufficiency of it is not to be examined by this court. If the evidence were conflicting the lower court's decision on disputed facts would be final. State v. King, 66 Ariz. 42, 182 P.2d 915; La Grange v. State, 26 Ariz. 102, 222 P. 414; Quong Yu v. Territory, 12 Ariz. 183, 100 P. 462.

400

■ Applying these principles of law to the matter at hand, it is apparent from our analysis of the evidence that there is no conflict in the evidence to reconcile. Taking the record as a whole we are able to say as a matter of law that there is no substantial evidence that the defendant was being *compensated for his demonstration* and hence one of the essential elements of the offense is missing and the conviction cannot stand.

There is no occasion to consider the constitutional questions raised by other assignments of error.

Judgment reversed.

STANFORD, C. J., and La PRADE, J., concurring.