375 P.2d 260

**STATE of Arizona, Appellee,**

v.

**Bobby FAVORS, Appellant.**

No. 1213.

Supreme Court of Arizona,

En Banc.

Oct. 10, 1962.

Robert W. Pickrell, Atty. Gen., Harry Ackerman, County Atty., Pima County, and M. Morton Freilich, Deputy County Atty., for appellee.

Martin S. Rogers, Tucson, for appellant.

UDALL, Vice Chief Justice.

Bobby Favors was convicted in the Superior Court of Pima County of the crime of wilfully and unlawfully robbing Jack Weylor on December 7, 1960. He appeals to this court.

With two other men Favors entered upon Weylor's property and with a 30–30 rifle forced him to give up his wallet along with its contents. The identity of Favors as one of the three men was established to the satisfaction of the jury, notwithstanding the fact that he claimed to have been elsewhere at the time of the commission of the crime.

The errors urged by the defendant relate to four different matters. First it is

argued that the court erred in reopening the state's case to hear evidence on the question of venue, when the state failed to establish venue before the time that the court was to instruct the jury. When defendant had finished his own closing argument he asked the court to instruct the jury that there was no evidence in the trial that the crime had been committed in Pima County. Thereupon plaintiff moved the court for permission to reopen the case for the purpose of hearing evidence regarding the question of venue, which motion was granted. Deputy Sheriff Norman Ranger was recalled and he testified that the alleged robbery was committed in Pima County at the place specified in the information.

Such a ruling was within the sound discretion of the court. State v. Moreno, 92 Ariz. ——, 374 P.2d 872. In State v. Cassady, 67 Ariz. 48, 190 P.2d 501, we said:

"Our rules of criminal procedure should be construed so as to promote justice—not to thwart it. To have refused to permit the state to reopen its case would have been an abuse of legal discretion and an 'assist' to the obstruction of justice."

See footnote [1].

Defendant next says that the court erred in permitting the county attorney, in the course of cross-examination of defendant's witness James Francis, to introduce a signed statement previously made by the witness which contradicted and was inconsistent with the testimony then given by him. On the stand the witness testified he had been driving to the home where defendant was staying and had seen the two state's witnesses with an unidentified third person who was not the defendant in the general vicinity of the crime just after the time the crime was committed. In his signed statement he testified he had been with the defendant in that home the entire evening and that he had seen the three persons at a time somewhat later than the time of the crime. Also he was inconsistent in his story as to where he went after he left the presence of the defendant that night. On the stand he said he went directly to his own home. In his signed statement he said he went to Al Smith's home. By way of explanation the witness testified that the circumstances under which he signed the written statement had not been such as to have allowed him to read the statement before he signed it. It is argued that it is therefore hearsay and not admissible.

---

[1]. In 53 American Jurisprudence, Trial § 123, it is stated: "[I]t is within the sound discretion of the trial court in the furtherance of the interests of justice after the parties have rested to permit either party to reopen a case, for the purpose of receiving further evidence * * * The exigencies of each particular case go far in controlling the discretion of the court in this regard * * * [The court] is not * * * justified in closing the case until all the evidence, offered in good faith and necessary to the ends of justice has been heard."

**150** ■

■ When evidence of a prior inconsistent statement is offered and received into evidence for impeachment of a witness on the stand there has been leniency with regard to hearsay rules to the extent that it need not be admissible as independent evidence. Indian Fred v. State, 36 Ariz. 48, 282 P. 930; Welch v. Medlock, 79 Ariz. 247, 286 P.2d 756 (1955).[2]

Every conceivable safeguard of a jury trial was present in the trial of this case. The witness was before the jury, under oath, and subject to their careful scrutiny. The evidence was therefore properly admitted.

■ Upon admitting this signed statement into evidence the court instructed the jury that the evidence was to be considered only for the purpose of determining the credibility of the witness. The defendant argues that this was prejudicial comment on the evidence. However, instruction by the court to the jury that evidence such as this statement is to be considered not as evidence bearing upon the guilt of the defendant but only upon the credibility of the witness testifying is required. Welch v. Medlock, supra. Udall, Arizona Law of Evidence, §: 63, p. 92.

■ It is further contended that the court erred in not granting a mistrial because a witness incidentally mentioned during the course of the trial that the defendant had previously served a prison term. There was nothing in the questions to him that called for or invited such information. Counsel made no motion to strike the witness's unresponsive remark at the time it was made nor did he ask the court to instruct the jury to disregard it. It was probably for this reason that this testimony was allowed to stand in the record even

2. "If the prior statement of the witness is contradictory of his present story on the stand, the opportunity for testing the veracity of the two stories by the two parties through cross-examination and re-examination is ideal * * * It will go hard, but the two questioners will lay bare the sources of the change of face, in forgetfulness, carelessness, pity, terror or greed, and thus reveal which is the true story and which the false. It is hard to escape the view that evidence of a previous inconsistent statement, when the declarant is on the stand to explain it if he can, has in high degree the safeguards of examined testimony." McCormick, Evidence, § 39, p. 75.

Judge Learned Hand, writing on the subject, said: "He (witness) is present before the jury, and they may gather the truth from his whole conduct and bearing, even if it be in respect of contradictory answers he may have made at other times. * * * The possibility that the jury may accept as the truth the earlier statements in preference to those made upon the stand is indeed real, but we find no difficulty in it. If, from all that the jury see of the witness, they conclude that what he says now is not the truth, but what he said before, they are nonetheless deciding from what they see and hear of that person and in court." Di-Carlo v. U. S., 2 Cir., 6 F.2d 364 (1925), writ of certiorari denied in 268 U.S. 706, 45 S.Ct. 640, 69 L.Ed. 1168 (1925).

though the defendant had not put his character in issue. We are therefore of the opinion that this assignment of error is without merit.

In Ganey v. Henley, 260 Ala. 514, 71 So. 2d 281, 283 (1954), it was said:

> "* * * Where questions are in themselves proper and call for legal and competent evidence, but the answer is objectionable, the objection, in order to be availing, should be followed by a motion to exclude the objectionable answer."

In Marinoni v. State, 15 Ariz. 94, 98, 136 P. 626, 628 we held:

> "It cannot be said that it was the duty of the court on its own motion to order the answer stricken, for, in the absence of any request to do so, it may be assumed that the appellant was satisfied with the answer. * * * In order to base error on the admission of an answer not responsive to the question put, it is necessary that a motion should be made to strike the answer." [3]

■ Failure to object to an offer of evidence at the time the offer is made is a waiver of any ground of complaint against its admission. It is the duty of the party finding objectionable matter to put the judge's attention to it. People v. Calliham, 81 Cal.App.2d 928, 185 P.2d 342 (1947). See also, Udall, Arizona Law of Evidence, § 12, p. 24.

■ ˙ Lastly the defendant says error was committed by the court when upon the jury's request to rehear parts of the testimony of the trial, only parts of the testimony were read to them and the reporter allegedly selected those. Rule 281 of Arizona Rules of Criminal Procedure, 17 A.R.S. provides:

> "After the jurors have retired to consider their verdict, if they desire additional instruction upon any point of law arising in the action or to have any testimony about which they are in doubt or disagreement read to them, they shall upon their request be conducted into the courtroom by the officer who has them in charge and the court shall give them such additional instruction or shall order such testimony read to them. Such instruction may be given and such testimony read only after notice to the county attorney and counsel for the defendant."

The jury specified what testimony they wanted to hear by identifying the events with which the testimony was related. The

---

3. "If the administration of the exclusionary rules of evidence is to be fair and workable the judge must be promptly informed by a party, who contends that evidence should be rejected, of his contention and the reason thereof. The initiative is placed on the parties not the judge." McCormick, Evidence, § 52, p. 115 (1954).

court directed the reporter to comply with the jury's desire. The reporter then found in the record the portion the jury had specifically requested. He had no hand in the choice but was bound by their request. There appears no prejudicial error regarding this procedure.

Judgment of conviction affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.