William Edward PRICE, Appellant,

v.

STATE of Alaska, Appellee.

No. 834.

Supreme Court of Alaska.

Feb. 13, 1968.

Robert C. Ely and Sidney Bixler, Anchorage, for appellant.

Robert N. Opland, Dist. Atty., and Robert K. Yandell, Asst. Dist. Atty., Anchorage, for appellee.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

This is an appeal from a conviction of the crime of forgery.

The indictment provided in count I:

That on or about the 14th day of February, 1966, at or near Anchorage, in the Third Judicial District, State of Alaska, William E. Price did wilfully, unlawfully, feloniously, falsely, and with intent to injure and defraud the First Bank of Cordova, S and F Foodland and Mrs. John Hansen, forge the name of the payee Mrs. John Hansen as an endorsement to a check, to-wit:[1]

Then followed what appears to be a photo copy of the reverse side of a check bearing the signatures "Mrs. John Hansen" and "William E. Price." Appellant contends that the failure to include a photo copy or picture of the front side of the check made the indictment fatally defective, because this made it impossible for appellant to know whether or not he had already been charged with the crime charged in the indictment, and made it difficult or impossible for him to prepare his defense.

One of the criteria for determining the sufficiency of an indictment is whether the offense charged is identified with sufficient particularity so that after judgment the accused may be able to plead the judgment in bar of further prosecution for the same offense.[2] It is true, as appellant points out, that count I of the indictment does not in itself measure up to such criterion, because it does not specify the date, amount or maker of the check or the bank on which it was drawn. But in determining whether an accused may plead a former acquittal or conviction, one is not restricted to looking to the indictment alone. The whole record of a former trial may

1. Count II of the indictment charged appellant with having passed a forged instrument. After a verdict of guilty had been returned, the court granted appellant's motion for a judgment of acquittal as to count II.

2. Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240, 250–251 (1962); Bartell v. United States, 227 U.S. 427, 431, 33 S.Ct. 383, 57 L. Ed. 583, 585 (1913); Adkins v. State, 389 P.2d 915, 916 (Alaska 1964).

be examined in order to determine whether a plea of former jeopardy may be made.[3] Here the check in question was introduced in evidence as part of the state's case in chief, and it shows all of the elements that are missing in the indictment, i. e., the date, amount and maker of the check and the bank on which the check was drawn. The combination of what is contained in the indictment and the check which was introduced in evidence effectually eliminates the possibility that this check might later be used by the state as the subject of another criminal prosecution to which the plea of double jeopardy would not apply.[4]

■■■ Another criterion for determining the sufficiency of an indictment is whether it contains the elements of the offense to be charged so as to sufficiently apprise the accused of what he must be prepared to meet at the trial.[5] Appellant claims that the indictment fails in this respect so as to have made it difficult or impossible for him to prepare his defense.

■■■ The record does not support appellant's contention. The original of the check referred to in the indictment was introduced in evidence as part of the state's case in chief without objection by appellant, so appellant then knew, prior to putting on his defense, what the precise nature of the charge against him was. In addition the trial court, at the conclusion of the state's case in chief, in granting the state's motion to amend count I of the indictment so as to include a photo copy of the front side of the check, offered to give the appellant a reasonable time in which to prepare his defense if he claimed that he

was taken by surprise by the allowance of the amendment to the indictment. No such claim was made; a continuance was not requested by appellant.

Crim.R. 7(c) provides in part that:

No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of a defect or imperfection in matter of form in the indictment, which does not tend to prejudice the substantial rights of the defendant.

The failure of the original indictment to name the date, the amount and the maker of the check, and the bank on which it was drawn, was a defect or imperfection "in matter of form", within the meaning of the rule, because the evidence that appellant had in defense of the charge made—that he had not signed Mrs. John Hansen's name on the back of the check—[6] was equally available to appellant after the amendment as it was prior thereto.[7] And since appellant has made no showing that the claimed deficiency or imperfection in the indictment prejudiced his substantial rights, we cannot find the indictment to be fatally defective.[8]

■■■ Appellant contends that the trial court erred in allowing the amendment to count I of the indictment. Crim.R. 7(e) provides:

If any error in form shall exist in any indictment or information or in the manner of describing the offense * * * the court may permit the indictment or information to be amended at any time before verdict or finding if no additional or

3. See Bartell v. United States, supra note 2, 227 U.S. at 433, 33 S.Ct. 383, 57 L.Ed. at 585.

4. See Chambers v. State, 394 P.2d 778, 780 (Alaska 1964).

5. Cases cited in note 2 supra.

6. Appellant admitted endorsing the check and cashing it, but denied that he had signed Mrs. John Hansen's name on the back of the check. He asserted that he had gained possession of the check in a poker game.

7. Williams v. United States, 179 F.2d 656, 659 (5th Cir. 1950), aff'd, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951). See State ex rel. Kaufman v. Gould, 229 Ind. 288, 98 N.E.2d 184, 185 (1951).

8. Theodore v. State, 407 P.2d 182, 190 (Alaska 1965), cert. denied, Theodore v. Alaska, 384 U.S. 951, 86 S.Ct. 1570, 16 L.Ed.2d 547 (1966); United States v. Young, 14 F.R.D. 406, 408 (D.D.C.1953), rev'd on another ground, 94 U.S.App. D.C. 62, 214 F.2d 232 (1954).

different offense is charged and the substantial rights of the defendant are not prejudiced.

This rule is pertinent here. The failure of the indictment to name the date, the amount and the maker of the check, and the bank on which it was drawn, was an "error in form" within the meaning of the rule, as we have already pointed out. The amendment of the indictment allowed by the court does not charge an additional or different offense from that charged by the indictment prior to the amendment. And as we have already stated in connection with appellant's argument relating to the sufficiency of the indictment, appellant has not shown that any of his substantial rights have been prejudiced. There was no error in allowing the amendment to count I of the indictment.

A postal inspector, Kenneth Johnson, was a witness for the state. Appellant contends that over his objection Johnson was permitted to testify as to his investigation involving a possible postal violation in the theft from the mails of a letter that contained a paycheck, that such testimony suggested that appellant had stolen from the United States mails the check to which he had allegedly forged the name of the payee, Mrs. John Hansen, that such testimony was highly prejudicial to appellant, and that the admission of such testimony was reversible error.

The record shows that the specific testimony that appellant refers to was given out of the presence of the jury. What was heard by the jury was Johnson's testimony that he identified the check referred to in the indictment, that he had an occasion to make an investigation regarding that check, that in the course of his investigation he had contacted Mrs. John Hansen, the payee on the check, that he had occasion to go to Mrs. Hansen's address and make an investigation as to the way mail was received at that address, and that in the course of his investigation he had contacted the appellant and had obtained a sample of appellant's hand-writing which Johnson identified. The only reference made by the witness in the jury's presence to a possible postal violation was in response to a question on cross-examination by appellant's counsel, where Johnson was asked whether as part of his duties as postal inspector he "would be receiving complaints in this area for possible molestation of the mail", to which he answered "yes".

■ We find no prejudice to appellant in Johnson's testimony given in the presence of the jury under direct examination by the state, because there was no suggestion in what he said that would tend to show that appellant had stolen from the U.S. mails. And if the commission of such an offense was suggested by the witness's affirmative answer to the question as to possible molestation of the mail, this would be no ground for reversal of the conviction because the question was asked by appellant's counsel. As we stated in Peters v. Benson [9]:

> Where counsel by his questioning of a witness induces the witness to give certain testimony, counsel cannot thereafter complain that the testimony given, which is responsive to the question asked, is objectionable.

■ After the jury had retired to consider its verdict, the jury foreman sent a note to the trial judge stating that:

> The jury feels it would be better able to weigh the evidence in the case if we could review the testimony of the manager of the S & F Foodland.

The person referred to here was the state's witness, Melvin Sherhart, manager of the S & F Foodland store in Spenard, Alaska, who had authorized a store clerk to cash the check referred to in the indictment at appellant's request. Over appellant's objection the court permitted the jury to rehear the electronic recording of Sherhart's testimony. Appellant concedes that the question of whether or not to replay testimony for the jury is a matter within the sound discretion of a trial court. But appellant ar-

9. 425 P.2d 149, 154 (Alaska 1967).

gues that it was error to do so in this instance. His reason is that virtually the entire case of the state bearing on count II of the indictment was built upon Sherhart's testimony, and that to have permitted the jury to listen to a playback of such testimony was, in effect, to permit the state's case as to count II to be presented twice, thus giving an unfair advantage to appellant's prejudice. Appellant recognizes the fact that a judgment of acquittal was granted as to count II of the indictment. But he contends nevertheless that the prejudicial effect of allowing the jury to rehear Sherhart's testimony was not affected by such judgment of acquittal because the testimony in some respects bore upon the intent to commit the crime charged under count I of the indictment.

There is no uniform rule in the courts on the question of whether testimony may be read to or reheard by the jury. Some jurisdictions disapprove of such a practice [10], others permit it by statute [11], while others, and probably the majority, leave the matter to the sound discretion of the trial court.[12]

 We are of the view that absent circumstances requiring denial of a jury request to rehear trial testimony, the determination of which should be left to the discretion of the trial judge, justice is more likely to be promoted than obstructed if the jury, at its request, is allowed to rehear the electronic recording of specific testimony given at the trial. We are in accord with what was said on this subject by the Supreme Court of New Jersey:

When a jury retires to consider their verdict, their discussion may produce disagreement or doubt or failure of definite recollection as to what a particular witness said in the course of his testimony. If they request enlightenment on the subject through a reading of his testimony, in the absence of some unusual circumstance, the request should be granted. The true administration of justice calls for such action. Where there is a doubt in the minds of jurors as to what a witness said, it cannot be prejudicial to anyone to have that doubt removed by a rehearing of his testimony. There is no need to be chary for fear of giving undue prominence to the testimony of the witness. If under our system of trials a jury is to be considered intelligent enough to be entrusted with powers of decision, it must be assumed they have sense enough to ask to have their memories stimulated or refreshed only as to those portions of the testimony about which they are in doubt or disagreement. It must be assumed also that if they had any similar doubts or disagreements about statements of other witnesses they would seek the same remedy. If they do not ask for further reading there is no right in a party to demand it. The matter must be left in the sensitive discretion of the trial judge. He may inquire if they wish to hear the testimony of any other witness, whether or not a party suggests it. But he should not burden a jury with unnecessary reading they do not indicate a need to hear, and it is not error to decline to read further portions of the evidence simply because a party so demands. But generally where the testimony is reasonably available, a judge should not refuse to grant

10. Hersey v. Tully, 8 Colo.App. 110, 44 P. 854, 855 (1896); Small v. Wegner, 267 S.W.2d 26, 29–30, 50 A.L.R.2d 170 (Mo. 1954); Padgitt v. Moll, 159 Mo. 143, 60 S.W. 121, 124–125 (1900); Bartell v. State, 40 Neb. 232, 58 N.W. 716, 717 (1894).

11. State v. Favors, 92 Ariz. 147, 375 P.2d 260, 262 (1962); LaMonte v. State, 145 So.2d 889, 893 (Fla.App.1962).

12. Tyler v. United States, 361 F.2d 862, 863 (10th Cir. 1966); Pinckney v. United States, 352 F.2d 69, 70 (5th Cir. 1965); Easley v. United States, 261 F.2d 276, 277 (5th Cir. 1958); Hutchinson v. Fort Des Moines Community Serv., Inc., 252 Iowa 536, 107 N.W.2d 567, 573 (1961); State v. Wolfe, 194 Kan. 697, 401 P.2d 917, 919–920 (1965); People v. Shuler, 136 Mich. 161, 98 N.W. 986, 988 (1904); State v. Vaughn, 200 Or. 275, 265 P.2d 249, 250–251 (1954); State v. Hines, 6 Utah 2d 126, 307 P.2d 887, 889 (1957).

a jury request to have it read merely because the reading would take time. In these days when the purpose of our procedure is full, fair and free exposure of all relevant evidence in a case both before and during the trial, there is no just reason for insisting that laymen jurors must have an unfailing and unanimous memory of all the testimony they hear in the courtroom.[13]

We find no abuse of the trial court's discretion in permitting the jury to rehear the testimony of the witness Sherhart. The judgment is affirmed.

13. State v. Wolf, 44 N.J. 176, 207 A.2d 670, 675–676 (1965).