528 P.2d 625

**STATE of Arizona, Appellee,**

v.

**Charles Sam RIGGINS, Appellant.**

**No. 2929.**

Supreme Court of Arizona,
In Banc.

·Nov. 14, 1974.

Rehearing Denied Dec. 3, 1974.

N. Warner Lee, Atty. Gen., Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County, Public Defender, H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice.

Defendant Charles Sam Riggins was tried and convicted by a jury of armed robbery in violation of A.R.S. §§ 13–641 and 13–643. He was sentenced to a term of at least five and no more than ten years in the Arizona State Prison. From his conviction and sentence he appeals.

Appellant first contends that the trial court erred in allowing the prosecution to reopen its case after the state had rested in order to establish that the victim's money was taken during the attack. Specifically defendant alleges that the court's action constituted an abuse of discretion and put him in jeopardy twice for the same offense in violation of the Fifth Amendment to the United States Constitution as well as article 2, section 10 of the Arizona Constitution, A.R.S.

■ This court has repeatedly stated that the decision to let the state reopen its case is left to the sound discretion of the trial court and will be adhered to in the absence of an abuse of that discretion. State v. Thomas, 110 Ariz. 120, 515 P.2d 865 (1973); State v. Cota, 99 Ariz. 237, 408 P.2d 27 (1965), cert. denied, 383 U.S. 929, 86 S.Ct. 937, 15 L.Ed.2d 848 (1966); State v. Boodry, 96 Ariz. 259, 394 P.2d 196 (1964), cert. denied 379 U.S. 949, 85 S.Ct. 448, 13 L.Ed.2d 546; State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962); State v. Cassady, 67 Ariz. 48, 190 P.2d 501 (1948); James v. State, 53 Ariz. 42, 84 P.2d 1081 (1938). In State v. Favors, 92 Ariz. 147, 375 P.2d 260 (1962), the following situation arose:

"When defendant had finished his own closing argument he asked the court to instruct the jury that there was no evidence in the trial that the crime had been committed in Pima County. There-upon plaintiff moved the court for permission to reopen the case for the purpose of hearing evidence regarding the question of venue, which motion was granted." 92 Ariz. at 149, 375 P.2d at 260–261.

This Court found no abuse of discretion by the trial court and acknowledged that:

" '[I]t is within the sound discretion of the trial court in the furtherance of the interests of justice after the parties have rested to permit either party to reopen a case, for the purpose of receiving further evidence * * * The exigencies of each particular case go far in controlling the discretion of the court in this regard * * * [The court] is not * * * justified in closing the case until all the evidence, offered in good faith and necessary to the ends of justice has been heard.' " 92 Ariz. at 149, 375 P.2d at 261 (n. 1).

Similar results have been reached in other decisions of this court. State v. Cassady, supra.

■ Accordingly we find no abuse of discretion by the trial court in allowing the prosecution after the state had rested to reopen its case in order to establish that the victim's money was taken during the attack.

■ Neither do we feel the trial court's decision placed the defendant in jeopardy twice for the same offense in violation of the Fifth Amendment to the United States Constitution or article 2, § 10 of the Arizona Constitution. Each case in which a double jeopardy claim is raised must take into account the particular facts of that case. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). It is well settled that once a jury is impaneled and sworn and the proceedings commenced jeopardy attaches and, unless removed for some legal reason, the one in jeopardy cannot be again tried for the same offense. State v. Puckett, 92 Ariz. 407, 377 P.2d 779 (1963); Application of Williams, 85 Ariz. 109, 333 P.2d 280 (1959); Westover v. State, 66 Ariz.

145, 185 P.2d 315 (1947). Jeopardy may be removed for legal reasons in many cases, such as where a trial judge is forced to discharge the jury because of his illness, where a mistrial is declared because of the jury's inability to reach a decision, where a mistrial is declared on defendant's own motion or where a judge feels compelled to discharge himself during a trial because of newspaper coverage asserting bias. State v. Woodring, 95 Ariz. 84, 386 P.2d 851 (1963); State v. Puckett, supra; State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962), cert. denied, 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed.2d 726; Westover v. State, supra.

In the instant case, however, we need not search for a legal reason as the reopening of the prosecutor's case here amounted to nothing more than a nonprejudicial rearranging of the proper order of presentation of the evidence. We agree with appellee that the state's case was reopened to present evidence "offered in good faith and necessary to the ends of justice." State v. Favors, supra.

Defendant's second contention is that the prosecution failed to establish that a robbery had taken place. A.R.S. § 13–641 defines the crime of robbery:

"Robbery is the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear."

At the trial the victim was unable to positively state that any particular attacker had taken his money:

"A. Then I fell. But when I fell they went to sticking me, beating me and then one of them cut me.

* * * * * *

"Q. You said that you had $30.00 in your pocket. Is that correct?

"A. Yes.

* * * * * *

"Q. When these three suspects were on top of you, did you feel anyone reach into your pockets?

"A. I felt them all over me. I couldn't tell you whether they was in my pockets or where.

* * * * * *

"A. All I was worried about was protecting myself."

Appellant asserts that the evidence was insufficient to establish that someone was criminally responsible for the absence of the money.

We do not agree. The record reveals that the victim was certain he had thirty dollars just before he was attacked and that it was missing just after the attack, during which he had been grabbed at, kicked and stabbed. It is not unreasonable to assume these events would provide a sufficient distraction such that the victim would be unable to remember if anyone had reached into his pockets. While a jury may not return a verdict based upon surmise, reversible error only occurs where there is a complete absence of probative facts to support the conclusion. State v. Mahan, 92 Ariz. 271, 376 P.2d 132 (1962). As we stated in State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965):

"When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or, alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. Quong Yu v. Territory of Arizona, 12 Ariz. 183, 186, 100 P. 462. Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423. Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusions reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is di-

rected. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial." 99 Ariz. at 3–4, 405 P.2d at 886.

Consequently, in light of all the circumstances in this case we hold that the evidence was sufficient to support the jury's verdict.

Defendant's third and final contention is that the trial court erred in refusing to ask two requested voir dire questions. It is alleged that the court's action violated the "mandatory" language of Criminal Rule 18.5(d), 17 A.R.S. which states in part:

> "Voir Dire Examination. The court shall conduct the *voir dire* examination, putting to the jurors all appropriate questions requested by counsel."

The two questions the court refused to ask were:

> "3. Have you ever heard about a crime on television, or in the newspapers, and said to yourselves regarding the person charged with the crime, 'He ought to be shot' or words to that effect?

> "4. (If yes) Do you realize that you presumed that person guilty and that you cannot do that here because this is a court of law?"

We feel the language "appropriate questions" in Rule 18.5(d) is not meant to be mandatory. Rather the rule retains long standing Arizona law that "[t]he extent of examination must necessarily be left to the sound discretion of the trial court to determine the presence or absence of bias and prejudice." State v. Wallace, 83 Ariz. 220, 319 P.2d 529 (1957). As the comment to Rule 18.5 states "this rule places the primary responsibility for conducting the jury examination on the court rather than on counsel." We concur with the trial judge's refusal to ask these questions on the ground that the necessity of proof beyond a reasonable doubt was already covered in other questions. Confusing and redundant questions need not be asked. State v. Molina, 5 Ariz.App. 492, 428 P.2d 437 (1967). Accordingly we find no abuse of discretion.

The conviction and sentence for armed robbery is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.