NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL OWEN MCKENZIE, *Appellant.*

No. 1 CA-CR 15-0341
FILED 3-29-2016

---

Appeal from the Superior Court in Mohave County
No. S8015CR201300309
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

### MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

**J O N E S,** Judge**:**

**¶1**        Michael McKenzie appeals his convictions and sentences for one count of fraudulent schemes and artifices, two counts of arson of an occupied structure, and two counts of theft. He challenges the sufficiency of evidence supporting his convictions and argues the trial court erred in denying his motion *in limine*, effectively precluding impeachment evidence against a State's witness. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        McKenzie's mobile home caught on fire in November 2011, and again in February 2012. After each incident, McKenzie sought and received insurance proceeds to pay for the resulting damages. Following an investigation, the State charged McKenzie with one count of fraudulent schemes and artifices, two counts of arson of an occupied structure, and two counts of theft, alleging he, on two separate occasions, knowingly or intentionally set his home on fire and filed false insurance claims to receive insurance proceeds.

**¶3**        The jury found McKenzie guilty as charged, and the court imposed aggravated concurrent prison terms, the longest of which is ten years. McKenzie timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

---

[1]        We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[2]        Absent material changes from the relevant date, we cite a statute's current version.

## DISCUSSION

### I.     Sufficiency of Evidence

**¶4**          McKenzie argues the evidence is insufficient to establish he intentionally set his home on fire because the experts who investigated the incidents could not opine as to his intent.  We review challenges to the sufficiency of evidence to sustain a conviction *de novo*.  *State v. Bible*, 175 Ariz. 549, 595 (1993) (citing *State v. Landrigan*, 176 Ariz. 1, 4 (1993)).  We do not reweigh the evidence and will reverse only if "there is a complete absence of probative facts to support the conviction."  *State v. Scott*, 113 Ariz. 423, 424-25 (1976) (citing *State v. Riggins*, 111 Ariz. 281, 284 (1974)); *see also State v. Cid*, 181 Ariz. 496, 500 (App. 1995) ("The finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses.") (citing *State v. Pike*, 113 Ariz. 511, 514 (1976)).

**¶5**          As an initial matter, expert testimony is not only unnecessary to prove a person's mental state, it is expressly prohibited where a requisite mental state constitutes an element of the charged offense.  Arizona Rule of Evidence 704(b) specifically states, "In a criminal case, an expert witness *must not* state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone."  (Emphasis added).  Indeed, the trial court sustained McKenzie's objection for this very reason when the State asked one of the investigators, "So in your opinion, if you have two fires in the same place in a very short period of time, what does that basically show [about] the intent of the person who is involved in these fires?"

**¶6**          Moreover, evidence of a person's mental state "will rarely be provable by direct evidence."  *State v. Noriega*, 187 Ariz. 282, 286 (App. 1996).  Instead, "the jury will usually have to infer [a defendant's mental state] from his behaviors and other circumstances surrounding the event." *Id.*; *see also In re William G.*, 192 Ariz. 208, 213 (App. 1997) (recognizing that, "absent a person's outright admission regarding his state of mind, his mental state must necessarily be ascertained by inference from all relevant surrounding circumstances").

**¶7**          At trial, investigators testified the fires were suspicious, and the only reasonable explanation for their cause was human intervention. McKenzie's neighbor, Sandy C., testified that on the morning of the November 2011 fire, she observed McKenzie sitting on a rock outside his home and returning a number of times to open the front door.  At one point,

McKenzie opened the door, closed it, and told Sandy to "keep [her] kids back because his house was on fire." Sandy then noticed smoke coming from the home. McKenzie returned to the rock and called 9-1-1.

**¶8** Additionally, Sandy's live-in boyfriend, Michael L., testified that McKenzie admitted to him the first fire "was no accident, he wanted to smoulder it for money." McKenzie then offered to pay Michael $5,000 to "smoulder" McKenzie's home; Michael refused the offer. Another man, Rocky B., also testified that McKenzie offered him money "to burn down the house again." Having failed to convince others to set a second fire, McKenzie left for an overnight trip leaving three space heaters running next to a flammable sofa and recliner, causing the February 2012 fire.

**¶9** Based upon this evidence, the jury could reasonably conclude McKenzie knowingly or intentionally set his house on fire in both November 2011 and February 2012. McKenzie's convictions are therefore supported by the evidence.

## II.     **Denial of Motion** *in Limine*

**¶10** McKenzie also argues the trial court erred in denying his motion *in limine* seeking to introduce impeachment evidence against Michael pursuant to Arizona Rule of Evidence 608(b). We review a trial court's decision to preclude impeachment evidence of a witness's character for truthfulness under Rule 608(b) for an abuse of discretion. *See State v. Woods*, 141 Ariz. 446, 450 (1984) (holding trial court has discretion under Rule 608(b) to allow cross-examination of witness regarding specific acts of misconduct if they are probative of truthfulness).

**¶11** Rule 608(b)(1) provides:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into *if they are probative of the character for truthfulness or untruthfulness of . . . the witness*.

(Emphasis added). Here, McKenzie sought introduction of statements Michael made to a police officer during an investigation of a domestic violence incident between Michael and Sandy. McKenzie alleges the police report documenting the incident indicates Michael told the officer he suspected Sandy was using methamphetamine and posed as Sandy in order

to confront her "drug addict friend" with his suspicions, gave an inconsistent statement regarding the source of a lump on Sandy's head, and lied about taking Sandy's food stamp card. The trial court denied McKenzie's motion, finding Michael's statements were made in a "different situation[]" and were "not probative enough . . . to be admissible in a trial about statements that were made three years earlier."

¶12 On appeal, McKenzie argues the trial court erred in precluding Michael's statements because "[f]alsely accusing someone of a felony is highly relevant to a witness'[s] credibility." The record does not support this assertion. Rather, McKenzie's offer of proof indicates only that Michael believed Sandy used methamphetamine, and both Sandy and her friend denied it — not that Michael intentionally made the accusation knowing it was false.

¶13 Regardless, we find no abuse of discretion in the trial court's conclusion that Michael's statements were not probative of his truthfulness in this case. The statements Michael made in connection with the domestic violence incident occurred during an emotionally charged dispute with his live-in girlfriend. In contrast, his salient testimony at trial amounted to recollections of incriminating statements made by McKenzie approximately three years earlier. We agree with the court that the two "situations [are] different," and find no error in the denial of McKenzie's motion *in limine.*

**CONCLUSION**

¶14 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama